[No. 29387-7-I.   Division One.   May 3, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT DAVIS, *Appellant.*

*Lisa Dworkin* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

SCHOLFIELD, J. — Robert Davis appeals his conviction for first degree robbery, alleging that his right to a speedy trial was infringed and that he is entitled to credit for time served under a Montana sentence. We affirm.

Davis walked into a store in Snohomish, Washington, on September 14, 1987, pointed a gun at two clerks and ordered them to lie on the floor. He fired a shot at the ceiling and said, "Give me the money or die". Davis took the money and fled.

On September 17, 1987, he was arrested in Mineral County, Montana, for a robbery there. Montana officials advised the Snohomish County Prosecutor's office of his arrest. In response, Snohomish County officials sent a teletype to the Mineral County Sheriff's office asking whether the defendant would waive extradition. The record does not reflect any response.

Davis pleaded guilty to robbery in Mineral County, Montana, on April 26, 1988. On May 20, 1988, he was sentenced to 25 years with credit for time served, and 12½ years suspended.

On October 18, 1988, Snohomish County was notified that Davis had been transferred to the Montana State Prison. On December 1, 1988, the prosecutor wrote a memo asking that a "hold be placed on [Davis] so that 'Montana will notify us when he is ready for release there. I believe this is July, 1991.' " No further action was taken.

On March 19, 1991, Davis executed a demand for final disposition of all charges against him, pursuant to article 4 of the Interstate Agreement on Detainers (IAD), RCW 9.100-.010. Snohomish County received this demand on March 27 and took the necessary steps to have Davis transferred back to Washington for trial. Davis was arraigned June 5, 1991.

Trial was set for July 19, 1991, but defense counsel objected to the timeliness of the arraignment and the trial date, pursuant to CrR 3.3. On October 17, 1991, the Superior Court heard and denied Davis' motion to dismiss on speedy trial grounds. Davis then pleaded guilty to the charge of first degree robbery, preserving his right to appeal the denial of his motion

to dismiss. Davis also argued that he was entitled to credit for time served back to September 1987, when he was in custody awaiting trial in Montana, or at least to May 1988 when judgment and sentence were entered in Montana.

On October 22, 1991, the Superior Court ruled that although it was imposing a sentence to run concurrently with defendant's Montana sentence, Davis would not be credited for time served on his Montana sentence. Instead, the court granted Davis credit only for the pretrial time served on the Snohomish County charges. He was given credit beginning in June 1991.

Judgment and sentence were entered October 22, 1991. The trial court sentenced Davis to 70 months in prison to run concurrently with the sentence he was serving in Montana.

This appeal followed.

Davis contends that the State had a good faith and due diligence duty to bring him to trial in Washington, and that his right to a speedy trial was violated when Snohomish County failed to try Davis while he was serving his sentence in Montana. The State contends that Davis chose not to seek a speedy trial, and that he suffered no prejudice by the delay.

■ Under CrR 3.3(c)(1), a defendant who remains in jail pending trial "shall be brought to trial not later than 60 days after the date of arraignment." The period is tolled, however, while a defendant is detained in jail outside the state of Washington. CrR 3.3(g)(6).[1] Read literally, the rule could result in a defendant not being brought to trial for years (or even decades) while he is incarcerated in another

---

[1]CrR 3.3(g)(6) provides:

"**(g) Excluded Periods.** The following period shall be excluded in computing the time for arraignment and the time for trial:

" . . . .

"(6) The time during which a defendant is detained in jail or prison outside the state of Washington or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington".

state were it not for the Sixth Amendment right to a speedy trial:

> When a person is incarcerated in another jurisdiction, the possibility a long delay in going to trial will impair his ability to defend himself is markedly increased. For this reason, the Supreme Court has required that states make a diligent good faith effort to bring the defendant back for trial. *Dickey v. Florida*, 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970); *Smith v. Hooey*, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969). States usually accomplish this through adoption and utilization of the interstate detainer compacts.

*State v. Newcomer*, 48 Wn. App. 83, 86-87, 737 P.2d 1285, *review denied*, 109 Wn.2d 1014 (1987). *See also State v. Syrotchen*, 61 Wn. App. 261, 266, 810 P.2d 64, *review denied*, 117 Wn.2d 1014 (1991); *State v. Anderson*, 65 Wn. App. 493, 496, 828 P.2d 1161, *review granted*, 120 Wn.2d 1007 (1992).

The right to a speedy trial may be waived, but any claimed waiver by a defendant is not presumed, and must be knowing, intelligent, and voluntary. *Newcomer*, at 88. In the present case, there is no evidence that Davis waived his right to a speedy trial.

Washington adopted the IAD in 1967.[2] The IAD places no responsibility on a receiving state (here, Washington) to bring the prisoner to trial absent an article 3 request by the prisoner. However, the fact that a defendant is in prison in another jurisdiction does not "relieve the State of its Sixth Amendment responsibilities." *Newcomer*, at 87.

■ Because it is impossible to determine precisely when an accused's constitutional speedy trial right has been denied, the United States Supreme Court has created a balancing test, necessitating a case-by-case approach. *Barker v. Wingo*,

---

[2]*See* RCW 9.100.010-.080. Action can be initiated by the prisoner or the "receiving state" (*i.e.*, Washington) under articles 3 and 4 of the IAD. The IAD provides that a prisoner

> shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court . . . written notice of the place of his imprisonment and his request for a final disposition to be made of the . . . information . . .[.]

RCW 9.100.010 art. 3(a).

407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant. 407 U.S. at 531.

The first two factors of *Barker* are somewhat in Davis' favor. Over 4 years elapsed between the filing of the information (September 17, 1987) and the trial (October 18, 1991), about a year of which was taken up by proceedings in Montana. The State did not receive Davis' request for disposition of the charges against him until March 27, 1991. At issue here are the 29 months between October 1988 (when Snohomish County learned of his incarceration in Montana) and March 1991. We find this delay long enough to presumptively affect Davis' speedy trial rights.

As to the reason for the delay, the State has conceded that it was not diligent in obtaining Davis' presence. *Barker* stated that while a deliberate attempt to delay a trial to hamper the defense should be weighted heavily against the government, a "more neutral reason such as negligence or overcrowded courts should be weighted less heavily . . .". *Barker*, at 531. In the present case, there is no evidence or allegation of any intention to hamper the defense, and thus we do not grant this factor heightened weight.

In contrast to the first and second factors, we find that the third and fourth factors are decidedly in the State's favor, especially the fact that Davis failed to assert his speedy trial right. Though a defendant need not demand a speedy trial, he is not thereby absolved of all speedy trial responsibilities. *Barker*, at 528-29. In the present case, Snohomish County asked that Montana place a "hold" on Davis upon his release.[3]

---

[3]Davis argues in his reply brief that no detainer was filed with Montana. We find, however, that the memo filed with Montana officials qualifies as a detainer under Washington law: "A detainer is a warrant filed against a person already in custody for the purpose of insuring that the prisoner will be available to the authority having lodged the detainer at the completion of the individual's term of incarceration." *Hystad v. Rhay*, 12 Wn. App. 872, 873 n.2, 533 P.2d 409, *review denied*, 85 Wn.2d 1009 (1975). *See also Carchman v. Nash*, 473 U.S. 716, 719, 87 L. Ed. 2d 516, 105 S. Ct. 3401 (1985).

Montana law, like Washington's, requires that the warden promptly inform a prisoner of any detainer lodged against him, and inform him of his right to make a request for final disposition of the indictment. Mont. Code Ann. § 46-31-101 art. 3(3). With no authority in the record to the contrary, we presume the Montana warden followed Montana law and informed Davis of his rights under the IAD. Davis' failure to request a speedy trial is a factor we weigh strongly in the State's favor.

■ With respect to the fourth factor, prejudice, the *Barker* Court identified three interests a speedy trial is designed to protect:

> (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

(Footnote omitted.) *Barker,* at 532.

Prejudice is not limited to the prejudice a defendant may suffer at his trial. *Moore v. Arizona,* 414 U.S. 25, 27, 38 L. Ed. 2d 183, 94 S. Ct. 188 (1973) ("no court should overlook the possible impact pending charges might have on his prospects for parole"); *Smith v. Hooey,* 393 U.S. 374, 378, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969). *See also State v. Angelone,* 67 Wn. App. 555, 562, 837 P.2d 656 (1992) (prejudice was "clear" because the defendant lost the opportunity to have his federal prison term run concurrently with a sentence on the Washington charges "due to the failure of the authorities to adhere to his requests for a speedy trial").

We find that Davis suffered no prejudice as defined in *Barker.* Pretrial incarceration was not oppressive because Davis was already incarcerated in Montana under a different charge. Davis demonstrated no "anxiety and concern" resulting from Washington's charges. And most importantly, Davis failed to show that his defense was impaired. Thus, in light of Davis' inability to show prejudice and his failure to express any interest in a speedy trial, we find Davis' Sixth Amendment speedy trial rights were not infringed.

Davis next contends he is entitled to credit for time served in Montana.

RCW 9.94A.120(14) states that credit for confinement served before sentencing is limited to confinement "solely in regard to the offense for which the offender is being sentenced." When concurrent sentences are imposed, the defendant is not entitled to credit for time served on other sentences. *State v. Watson*, 63 Wn. App. 854, 859-60, 822 P.2d 327 (1992).

Because Washington does not allow credit for time served on other sentences, we find no error.

Affirmed.

BAKER and AGID, JJ., concur.

Reconsideration denied August 10, 1993.