[No. 57339-0-I.   Division One.   December 11, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN CHRISTOPHER STEWART, *Appellant*.

---

*Christopher Gibson* (of *Nielsen Broman & Koch, PLLC*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Mary K. Webber, Deputy,* for respondent.

¶1 COLEMAN, J. — Kevin Stewart appeals his sentences, contending that he is entitled to credit on all six of his sentences for time served between the date he was booked for eluding, July 9, 2004, until the date he was sentenced on all of the charges, October 18, 2005. One of Stewart's charges dates back to August 4, 2004, and four date back to December 22, 2004. The trial court did not err by refusing to credit these sentences with time served calculated from the date of his initial booking on July 9, 2004.

*FACTS*

¶2 Stewart was charged on July 1, 2004, with attempting to elude a pursuing police officer (cause no. 04-1-01514-1). He was booked on that charge on July 9, 2004. On August 4, 2004, he was booked on a second degree theft charge (cause no. 04-1-01851-4). He was booked and charged with second degree murder on December 22, 2004 (cause no. 04-1-03026-3). Stewart remained in confinement from the date he was booked on the eluding charge, July 9, 2004, until the date he was sentenced, October 18, 2005.

¶3 He pleaded guilty to the theft charge on August 26, 2005, and to the eluding charge on September 21, 2005. On September 28, 2005, the State filed an amended information in cause no. 04-1-03026-3 (the original second degree murder charge). The amended information alleged four counts: vehicular homicide, second degree possession of stolen property, possession of a controlled substance, and second degree identity theft. The vehicular homicide count replaced the earlier second degree murder count. Stewart pleaded guilty to all four counts.

¶4 He was sentenced for all six convictions on October 18, 2005. At the sentencing hearing, he argued that the court should grant all six of his sentences credit for time served from July 9, 2004, until the date he was sentenced, October 18, 2005 (466 days). The State argued that Stewart should not receive any credit for time served on the charges in cause no. 04-1-03026-3. The court gave Stewart credit for time served on the theft charge calculated from the date he was booked for theft, August 4, 2004, until October 18, 2005 (440 days). For the vehicular homicide charge in cause no. 04-1-03026-3, the court gave Stewart credit for time served calculated from the date he was booked under that cause number, December 22, 2004, until October 18, 2005 (300 days). The court imposed concurrent high-end standard range sentences for each conviction. Stewart received a 116-month sentence for the vehicular homicide conviction and shorter sentences for the other five convictions.

Stewart appeals his sentences. The State originally cross-appealed but later withdrew its cross-appeal. We affirm.

*ANALYSIS*

¶5 The trial court did not err by refusing to grant Stewart credit for time served on each of his six sentences from the date of his initial booking on eluding. The relevant statute, RCW 9.94A.505(6), does not direct that Stewart should be given credit for time served on all of his sentences from the date of his initial booking for eluding, July 9, 2004. RCW 9.94A.505(6) states: "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced."[1] This language indicates that Stewart should be given credit only for presentence time he has actually served on a charged offense. Stewart should not receive credit for time served from July 9, 2004, on all of his sentences because he was not incarcerated for theft until August 4, 2004, and was not incarcerated for the charges in cause no. 04-1-03026-3 until December 22, 2004.

¶6 *State v. Davis*, 69 Wn. App. 634, 849 P.2d 1283 (1993) supports the result reached here. In *Davis*, the defendant committed a robbery in Snohomish County on September 14, 1987. *Davis*, 69 Wn. App. at 636. Three days later he was arrested in Montana for another robbery. *Davis*, 69 Wn. App. at 636. On May 20, 1988, he was sentenced in Montana to 25 years. *Davis*, 69 Wn. App. at 636. On March

---

[1] At the sentencing hearing, the State argued that Stewart should not be given any credit for time served on the vehicular homicide conviction because he was never confined solely in regard to that offense. The court concluded that it would violate the double jeopardy clause of the United States Constitution if it did not credit Stewart's eluding, theft, and vehicular homicide sentences for time served from the date of booking on each charge. The State originally cross-appealed the judgment and sentence but then withdrew its cross-appeal. Therefore, we do not decide whether the court properly credited Stewart's theft sentence with time served from August 4, 2004, until October 18, 2005, or his vehicular homicide sentence with time served from December 22, 2004, until October 18, 2005. We only decide whether the court erred by refusing to grant Stewart credit for time served on each of his six sentences from the date of his initial booking on eluding.

19, 1991, Davis executed a demand for final disposition of all charges against him pursuant to the interstate agreement on detainers, chapter 9.100 RCW. *Davis*, 69 Wn. App. at 636. He was then arraigned in Snohomish County on June 5, 1991. *Davis*, 69 Wn. App. at 636. He was convicted of the Washington robbery and sentenced to 70 months in prison, to run concurrently with the sentence he was serving in Montana. *Davis*, 69 Wn. App. at 637.

¶7 Davis contended that he was entitled to credit on his Washington sentence for time served on his Montana sentence. *Davis*, 69 Wn. App. at 641. The court disagreed. In construing former RCW 9.94A.120(14) (2000), *recodified as* RCW 9.94A.505(6), the court concluded that the trial court did not err in granting Davis credit only for the pretrial time served on the Snohomish County charges, starting on June 5, 1991. *Davis*, 69 Wn. App. at 637, 641. Davis received no credit for time served against his Washington sentence for time he served on his Montana sentence. Davis was given credit only for time served from the date he was taken into custody in Washington on the Snohomish County robbery charge. By analogy, the court was not required to credit all of Stewart's sentences with time served from July 9, 2004, because he was not in custody for all of his charges starting from that date.

¶8 *State v. Watson*, 63 Wn. App. 854, 822 P.2d 327 (1992) also supports this interpretation of RCW 9.94A.505(6). In *Watson*, the defendant argued that he should receive credit for time served on other sentences imposed prior to the date of sentencing. *Watson*, 63 Wn. App. at 859. The court rejected this argument, explaining that "[t]he [Sentencing Reform Act of 1981, chapter 9.94A RCW,] does not authorize giving credit for time being served on other sentences." *Watson*, 63 Wn. App. at 859. Stewart argues that his case is distinguishable from *Watson* because all of his sentences were imposed on the same day, whereas the sentences in *Watson* were imposed on different days. However, the mere fact that Stewart was sentenced for all of his convictions on the same day does not mean that time spent in custody for eluding must be credited toward his other five sentences.

¶9 Stewart contends that another statute, RCW 9.94A-.589(1)(a), supports his argument. RCW 9.94A.589(1)(a) provides that all current offenses sentenced on the same date shall be served concurrently unless an exceptional sentence is imposed. The term "current offense" as used in RCW 9.94A.589(1)(a) is defined by RCW 9.94A.525(1) as "[c]onvictions entered or sentenced on the same date as the conviction for which the offender score is being computed . . . ."

¶10 Stewart argues that under RCW 9.94A.589(1)(a) concurrent sentences must be served at the same time and therefore the same amount of credit must be applied to all sentences. RCW 9.94A.589(1)(a) does not require this result. In *Watson*, the court explained that in a concurrent sentence, the last sentence will overlap the prior sentences. *Watson*, 63 Wn. App. at 859. Here, Stewart's sentence for vehicular homicide is longer than his other five sentences and will overlap them. Nothing in RCW 9.94A.589(1)(a) directs the court to credit all of Stewart's sentences with the same amount of credit for time served.

¶11 Stewart contends that two Washington cases support his interpretation of the Sentencing Reform Act of 1981: *In re Personal Restraint of Costello*, 131 Wn. App. 828, 129 P.3d 827 (2006) and *State v. Grayson*, 130 Wn. App. 782, 125 P.3d 169 (2005). Neither case supports Stewart's argument. In *Grayson*, the court held that multiple sentences could be run concurrently or consecutively, but not both. *Grayson*, 130 Wn. App. at 786. The court held that hybrid sentences (sentences that are part concurrent and part consecutive) are unlawful under RCW 9.94A.589(3). *Grayson*, 130 Wn. App. at 783. The *Grayson* court did not address the question of credit for time served on multiple concurrent sentences. Stewart's sentences are not hybrid because they all run concurrently. His sentence for vehicular homicide is not part consecutive and part concurrent. Rather, it starts to run on the same day as the other five sentences and merely overlaps them. This is characteristic of concurrent sentences. *Watson*, 63 Wn. App. at 859.

¶12 In *Costello*, the defendant was sentenced in mid-2001 to an 87-month sentence for eluding and first degree burglary (2001 sentence). He was sentenced in early 2002 to a 57-month sentence for two theft convictions (2002 sentence), to run consecutive to the 2001 sentence. In mid-2002, Costello was transferred from the county jail to the Department of Corrections (DOC). Before being transferred, he had spent a total of 472 days confined in county jail. As part of the transfer, the county jail credited the entire 472 days of time served against Costello's 2001 sentence and also credited 317 days against Costello's 2002 sentence.

¶13 Upon receiving Costello, the DOC refused to give effect to the county jail's application of time served against the 2002 sentence, choosing instead to credit Costello only for the 472 days served against the 2001 sentence. Costello sought review by personal restraint petition.

¶14 The court denied his petition. The court concluded that Costello was not entitled to any credit on his 2002 sentence under former RCW 9.94A.120(14) because "he was never confined solely in regard to the 2002 convictions." *Costello*, 131 Wn. App. at 834. The court also denied his petition because "[a]n award of credit for time served on the 2002 convictions that would credit Costello with any days that are also credited to the sentence on his 2001 convictions would unlawfully render the sentences partially concurrent." *Costello*, 131 Wn. App. at 834.

¶15 *Costello* is inapplicable to Stewart's appeal because it did not address the question of credit for time served on multiple sentences being served concurrently. Furthermore, Stewart did not receive a hybrid sentence—sentences that are part concurrent and part consecutive. All of Stewart's sentences begin on the same day and run concurrently.

¶16 Stewart relies on several out-of-state cases to support his argument: *Johnson v. State*, 120 Nev. 296, 89 P.3d 669 (2004); *State v. Price*, 2002 MT 150, 310 Mont. 320, 50 P.3d 530; *State v. Tauiliili*, 96 Haw. 195, 29 P.3d 914 (2001).

These cases all state the basic rule that a defendant is entitled to credit for time served pretrial on a conviction. They do not address the facts in this case, where the charges were commenced at different times but the sentences were imposed on the same day and ordered to run concurrently.

¶17 In his statement of additional grounds, Stewart contends that he should be given credit toward his sentence for vehicular homicide for time served since July 9, 2004, because he was suspected of committing vehicular homicide when he was booked for eluding. He cites no authority for this position. Even assuming that Stewart was suspected of vehicular homicide at the time he was booked for eluding, there is no statute or case directing the court to credit his vehicular homicide sentence for time that was served while he was suspected of but not charged with or incarcerated for vehicular homicide.

¶18 For the foregoing reasons, we affirm.

Schindler, A.C.J., and Becker, J., concur.

Review denied at 162 Wn.2d 1006 (2007).