[No. 78855-3.    En Banc.]
Considered February 1, 2007.    Decided February 8, 2007.

*In the Matter of the Personal Restraint of* STEVEN R. SCHILLEREFF, *Petitioner.*

*Steven R. Schillereff*, pro se.

*Arthur D. Curtis, Prosecuting Attorney for Clark County*, and *Michael C. Kinnie, Deputy*, for respondent.

¶1 PER CURIAM — Steven Schillereff pleaded guilty to second degree assault and felony harassment of his wife. Schillereff brought a personal restraint petition, arguing, among other things, his counsel was ineffective and the trial court erroneously denied him credit for time served prior to his sentence. After the commissioner denied his motion for review of his personal restraint petition, Schillereff filed a motion to modify the commissioner's ruling. We grant Schillereff's motion, holding he must be given credit for three days' time served.

## FACTS

¶2 On February 10, 2003, Steven R. Schillereff was arrested and charged in Clark County with assaulting and harassing his wife. On February 12, 2003, he was released on bail. Schillereff allegedly jumped bail and fled to Texas. While in Texas, Schillereff committed aggravated assault against his wife on May 3, 2003. In June 2003, Washington State issued a bench warrant for bail jumping and to extradite Schillereff back to Washington to answer his pending charges. He was brought to Washington on September 16, 2004 and on October 7, 2004 pleaded guilty to second degree assault and felony harassment. As part of the plea deal, the State agreed to drop the bail jumping charge and recommend a sentence to run concurrently with his aggravated assault sentence in Texas. Despite the recommendation, the superior court imposed a standard range sentence to be served consecutively to Schillereff's Texas sentence. The court also awarded no credit for time served prior to the sentence. Schillereff filed a CrR 7.8 motion to withdraw his guilty plea. The superior court transferred the motion to the Court of Appeals, Division Two, for

consideration as a personal restraint petition, where it was dismissed. Schillereff filed a motion for reconsideration, which was forwarded to this court as a motion for discretionary review. The commissioner denied review and Schillereff now seeks modification.

## ANALYSIS

¶3 Schillereff argues he should receive credit for time served prior to his October 7, 2004 Washington sentence for assault and harassment. Specifically, he seeks credit for (1) the three days he spent in jail from February 10-12, 2003 before being released on bail; (2) the period from June 2003 to September 16, 2004 when he was in "constructive" custody in Washington; and (3) the period from September 16 to October 7, 2004 when he was in the "actual" custody of the State.

¶4 The sentencing court must give the offender "credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A-.505(6). From February 10-12, 2003, Schillereff was held for the assault and harassment charges. This was before he committed any crime in Texas. Thus, Schillereff was incarcerated from February 10-12, 2003 solely for his Washington offense of assault and harassment. The State concedes Schillereff should receive credit for the three days he was in custody. State of Wash.'s Resp. to Pet'r's Mot. for Recons. of Denial of Discretionary Review at 4. Pursuant to RCW 9.94A.505(6), he is entitled to receive credit for this time.

¶5 The commissioner, however, correctly determined that Schillereff was not entitled to credit while he was in "constructive" and "actual" custody in Washington. Between June 2003 and September 2004, Schillereff was not confined in Washington. And from September 16, 2004 until October 7, 2004 Schillereff was confined in Washington solely because he was a convicted felon in Texas. Absent his

Texas conviction, he would have been free on bail. Therefore, his confinement was not "solely in regard to the offense" for which Schillereff was sentenced. RCW 9.94A-.505(6). Schillereff is not entitled to credit for the time served between June 2003 and October 7, 2004.

¶6 We order that Schillereff be awarded three days' jail credit but dismiss his remaining claims.