FILED
COURT OF APPEALS
DIVISION II

2014 MAR -4  AM 9: 20

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43818-6-II |
| Respondent, | |
| v. | |
| CLARK ALLEN TELLVIK, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Clark Allen Tellvik appeals the sentence imposed after he pleaded guilty to first degree trafficking in stolen property. Tellvik contends that the Clark County prosecuting attorney breached the plea agreement by failing to argue at sentencing that Tellvik was entitled to credit for time served while incarcerated in King County on another charge for which he was sentenced concurrently, and that the trial court erred by failing to credit Tellvik's sentence with this additional time. Because the plea agreement offered credit for time served solely on the Clark County offense and the trial court properly awarded that credit, we affirm.

## FACTS

Tellvik was charged with various offenses in Clark, Yakima, and King counties. In exchange for his plea of guilty in each case, the prosecutor agreed to recommend concurrent DOSA[1] sentences as long as Tellvik was found eligible for such sentences. Tellvik was deemed DOSA eligible.

_____

[1] Drug Offender Sentencing Alternative, RCW 9.94A.660.

After a King County judge imposed the recommended DOSA sentence following Tellvik's plea of guilty to second degree burglary, Tellvik appeared in Clark County and pleaded guilty to first degree trafficking in stolen property. The plea agreement provided that the State would recommend a DOSA sentence including 36.75 months of incarceration and 36.75 months of community custody. The plea agreement added that "[t]his offer includes credit for time served in custody solely on this case, up to the date of sentencing." Clerk's Papers (CP) at 17.

At Tellvik's sentencing in Clark County on July 18, 2012, the defense and the State disagreed about the amount of credit for time served that Tellvik should receive. The prosecutor argued that Tellvik was entitled to credit only for the 49 days he was in the Clark County jail in 2010 and 2011 before his arrest in King County, while defense counsel contended that Tellvik was entitled to credit for some of the time he spent in the King County jail following that arrest.

The parties explained that Tellvik's King County arrest occurred on July 31, 2011. Because of that arrest, Tellvik did not make a Clark County court date in August 2011, and Clark County issued a no-bail warrant on August 30, 2011. After his sentencing in King County on April 20, 2012, Tellvik was in the custody of the Department of Corrections (DOC) until his transport to Clark County on May 18, 2012.

Defense counsel argued that issuance of the no-bail warrant meant that Tellvik was being held in King County on the Clark County matter and that he was therefore entitled to presentence credit from the date of the warrant through the present sentencing date. The prosecutor responded that Tellvik was not entitled to credit for any time served in the King County jail or in DOC custody before his return to Clark County, even though the King and Clark County sentences were to run concurrently. While the negotiating prosecutor apparently had been

willing to include credit for the time Tellvik spent in DOC custody before his return to Clark County, the current prosecutor did not believe that this additional time was allowed under the law.

The trial court rejected both parties' arguments and awarded Tellvik 137 days for time served, which included the 49 days he served in Clark County before his King County arrest and the time he remained in custody after his King County sentencing until his Clark County sentencing. The court rejected defense counsel's argument that this result effectively imposed consecutive sentences and breached the plea agreement.

On appeal, Tellvik argues that the State breached the plea agreement by failing to recommend the amount of presentence credit it had initially promised and that the trial court miscalculated the amount of presentence credit to which he was entitled.[2]

### DISCUSSION

A plea agreement is a contract between the State and the defendant. *State v. Sledge*, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997). Because plea agreements concern fundamental rights of the accused, constitutional due process considerations come into play. *Sledge*, 133 Wn.2d at 839. Consequently, a claim of error based on breach of a plea agreement involves an issue of constitutional magnitude that may be raised for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001); *see* RAP 2.5(a)(3) (providing that "manifest error affecting a constitutional right" may be raised for first time on appeal).

---

[2] Tellvik has filed a pro se statement of additional grounds (SAG). However, Tellvik provides only a list of citations supporting appellate counsel's argument; therefore, we do not address the SAG separately.

When a defendant claims constitutional error, the court previews the merits of the claim to determine whether the argument is likely to succeed. *State v. Sanchez*, 146 Wn.2d 339, 346, 46 P.3d 774 (2002). The error is considered "manifest" under RAP 2.5(a)(3) if the facts necessary to review the claim are in the record and the defendant shows actual prejudice. *Sanchez*, 146 Wn.2d at 346. A defendant asserting a breach of a plea agreement can show actual prejudice if the trial court did not sentence the defendant in accordance with the plea agreement. *Sanchez*, 146 Wn.2d at 346.

The plea agreement in this case explains that the State's offer "includes credit for time served in custody solely on this case, up to the date of sentencing." CP at 17. The agreement does not otherwise specify the amount of credit that the State will recommend. At sentencing, it became apparent that the parties were disputing how to calculate this offer of credit and that the prosecutor was proposing a calculation different than a previous prosecutor had proposed.[3] Given the language in the plea agreement, we do not see this dispute as a breach of that agreement. Instead, we determine whether the trial court properly resolved the offer of credit and therefore sentenced Tellvik in accordance with the law. *See In re Pers. Restraint of Costello*, 131 Wn. App. 828, 833, 129 P.3d 827 (2006) (sentencing court has no authority to credit offender for more pretrial detention time than he is entitled to by law).

As stated, Tellvik contends that he is entitled to credit both his King and Clark County sentences with the time he spent in the King County jail after issuance of the Clark County no-

---

[3] The record does not support Tellvik's argument on appeal that the initial prosecutor promised him credit for his King County jail time. The record shows instead that the initial Clark County calculation included the presentence time spent in DOC custody that the trial court ultimately awarded.

bail warrant on August 30, 2011, until his sentencing in King County on April 20, 2012. Tellvik contends that the governing statute, RCW 9.94A.505(6), does not prohibit a sentencing court from granting credit for all time served before sentencing when that confinement is served on concurrent sentences.

RCW 9.94A.505(6) provides that the sentencing court must give an offender "credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6) thus codifies the constitutional requirement that an offender is entitled to credit for time served before sentencing, while not allowing double credit toward any sentence arising from any conviction. *In re Pers. Restraint of Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982); *Costello*, 131 Wn. App. at 832. Under this statute, credit is not allowed for time served on other charges, even if the sentence is concurrent with the sentence on those charges. 13B SETH A. FINE AND DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW, § 3603 at 320 (2d ed. 1998). If the offender is confined on two charges simultaneously, however, any time not credited toward one charge must be credited toward the other. 13B WASH. PRAC., *supra*, § 3603 at 320.

Case law supports this interpretation of RCW 9.94A.505(6) and its predecessors. *See In re Pers. Restraint of Schillereff*, 159 Wn.2d 649, 651-52, 152 P.3d 345 (defendant not entitled to credit Washington sentence with presentence confinement due to Texas conviction), *cert. denied*, 551 U.S. 1135 (2007); *Phelan*, 97 Wn.2d at 597 (petitioner not entitled to credit for jail time served while awaiting probation revocation hearing because that time was not served exclusively on the principal underlying charge); *State v. Stewart*, 136 Wn. App. 162, 163-64, 149 P.3d 391 (2006) (the fact that concurrent sentences were imposed on the same date did not entitle a

5

defendant to credit on each sentence with the time served from his charging date on the first cause number until sentencing.), *review denied*, 162 Wn.2d 1006 (2007); *Costello*, 131 Wn. App. at 833 (sentence credit is not allowed for jail time served on other charges); *State v. Davis*, 69 Wn. App. 634, 641, 849 P.2d 1283 (1993) ("When concurrent sentences are imposed, the defendant is not entitled to credit for time served on other sentences." ); *State v. Watson*, 63 Wn. App. 854, 859, 822 P.2d 327 (1992) (while the Sentencing Reform Act implements a defendant's constitutional right to receive credit for any time that he has been held in custody by reason of that charge, it does not authorize giving credit for time being served on other sentences); *State v. Williams*, 59 Wn. App. 379, 381-82, 796 P.2d 1301 (1990) (trial court properly declined to apply jail credit for robbery conviction when defendant was detained for robbery charge and parole violation at same time and was given jail credit on the probation violation).

Tellvik offers no caselaw to support his position that he is entitled to credit both his King County and Clark County sentences with some of the time he spent in the King County jail before his sentencing in that county. We reject Tellvik's interpretation of RCW 9.94A.505(6) as well as his argument that the denial of double credit renders the King and Clark County sentences consecutive and thus violates the plea agreement.[4] The State recommended that Tellvik's Clark County sentence run concurrently with his King and Yakima County sentences, and the trial court accepted that recommendation. RCW 9.94A.589; CP 22, 25. The trial court

---

[4] Had the plea agreement promised the double credit that Tellvik seeks, we would have been required to remand for withdrawal of the plea due to mutual mistake. *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011). Specific performance is not available where the parties have agreed to a sentence that is contrary to law. *Barber*, 170 Wn.2d at 873.

6

did not err in awarding Tellvik 137 days of presentence credit against his sentence for trafficking in stolen property.[5]

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, C.J.

Johanson, J.

---

[5] The State does not challenge this credit on appeal. We assume that the time Tellvik spent in DOC custody following his King County sentencing until his transport to Clark County has not been credited against his King County sentence.