# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49855-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL FREDERICK WELLS, | |
| Appellant. | |

BJORGEN, C.J. — Michael Frederick Wells appeals from the sentence imposed following his guilty pleas to two counts of unlawful possession of a controlled substance with intent to deliver. Wells contends that (1) the sentencing court's failure to credit him with time spent in custody solely on unrelated charges violated his due process and equal protection rights, (2) his defense counsel was ineffective at sentencing, and (3) the sentencing court erred by imposing a $2,000 drug enforcement fund fee after finding that he did not have the ability to pay the discretionary legal financial obligations (LFOs). We accept the State's concession that the sentencing court erred by imposing the discretionary LFO. In all other respects, we affirm Wells' sentence. Accordingly, we remand to the sentencing court to strike the $2,000 drug enforcement fund fee.

## FACTS

On October 22, 2013, the State charged Wells with two counts of unlawful possession of a controlled substance with intent to deliver. In May 2014, while Wells was awaiting trial for the 2013 charges, the State charged Wells with additional drug-related offenses in a separate matter. On October 14, Wells successfully moved the trial court to suppress evidence in the 2013 matter

and to dismiss the case for insufficient evidence. The State appealed the trial court's suppression and dismissal orders in the 2013 case.

Wells pled guilty to the 2014 charges on June 17, 2015, while the State's appeal in the 2013 matter was still pending. Wells was sentenced to 40 months' incarceration in the 2014 matter, with credit for 121 days served. On January 26, 2016, we issued our unpublished opinion in the State's appeal from the suppression and dismissal orders in the 2013 matter, wherein we reversed the trial court's suppression order and remanded for further proceedings. *State v. Wells*, No. 46818-2-II, slip op at 192 Wn. App. 1028 (Wash. Ct. App. Jan. 26, 2016) (unpublished). The mandate for our opinion issued on August 15, 2016.

On December 2, 2016, Wells pled guilty to the 2013 charges of two counts of unlawful possession of a controlled substance with intent to deliver. As part of the plea agreement, the State agreed to recommend a 24-month sentence to run concurrent with Wells' sentence in the 2014 matter. Wells' sentencing hearing in the 2013 matter was set for December 23.

The parties disagreed as to how much credit for time served Wells was entitled to in the 2013 matter. The State contended that Wells was entitled to 29 days' credit for the time he was in jail for charges in both the 2013 and 2014 matters. The State further contended that Wells was not entitled to credit for the 91 days he was in jail between the date that his 2013 charges were dismissed and the date that he began serving his sentence in the 2014 matter. Wells also asserted that he was entitled to credit for the time served after August 15, 2016, the date of the mandate from our opinion in the State's appeal of the 2013 matter, despite the fact that he had been serving his sentence in the 2014 matter.[1] In a supplemental sentencing brief, Wells asserted that

---

[1] Wells does not reassert this claim on appeal.

he was also entitled to credit for the time he was in jail awaiting resolution of the 2014 matter and while his 2013 charges had been dismissed.

At the December 23 sentencing hearing, the State requested a continuance to January 4, 2017, because the prosecutor who had prepared the sentencing memorandum was unavailable. The sentencing court granted this continuance without objection from Wells. The sentencing court heard arguments on January 4 and indicated that it would reach its decision on the credit for time served issue the following morning. At the January 5 sentencing hearing, the sentencing court ruled that Wells was not entitled to credit for time served after the August 15, 2016 mandate issued because he was then serving his sentence in the 2014 matter. Although the sentencing court agreed with the State that Wells was entitled only to credit for time served before his 2013 charges had been dismissed, it disagreed with the State's calculation and credited Wells with 25 days for time served.

The sentencing court imposed the State's recommended 24-month sentence to run concurrently with Wells' sentence in the 2014 matter. The sentencing court also stated that it would waive discretionary LFOs, finding that Wells did not have an ability to pay them. Although the sentencing court found that Wells did not have an ability to pay discretionary LFOs, Wells' judgment and sentence includes a discretionary $2,000 drug enforcement fund fee. Wells appeals from his sentence.

ANALYSIS

## I. CREDIT FOR TIME SERVED

Wells first contends that the sentencing court erred by failing to credit him with the 91 days in detention between the date that his 2013 charges were dismissed and the date that he began serving his sentence in the 2014 matter.[2] Wells does not assert that the relevant statutory sentencing provision, former RCW 9.94A.505(6) (2010), provides for credit under these circumstances, instead claiming that credit must be applied under due process and equal protection principles. We disagree.

Sentencing courts are statutorily and constitutionally required to credit defendants with presentence detention time against the sentence ultimately imposed. *State v. Speaks*, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992); former RCW 9.94A.505(6). The failure to credit a convicted defendant with all presentence time served violates due process and equal protection. *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006).

> Fundamental fairness and the avoidance of discrimination and possible multiple punishment dictate that an accused person, unable to or precluded from posting bail or otherwise procuring his release from confinement prior to trial should, upon conviction and commitment to a state penal facility, be credited . . . with all time served in detention prior to trial and sentence. Otherwise, such a person's total time in custody would exceed that of a defendant likewise sentenced but who had been able to obtain pretrial release.

---

[2] As an initial matter, the State contends that Wells waived this issue on appeal by failing to argue it at his sentencing hearing. We disagree. First, although not entirely clear, it appears that Wells' contention on appeal was encompassed within the arguments raised in his supplemental sentencing memorandum. Second, "illegal or erroneous sentences may be challenged for the first time on appeal." *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999), *superseded by statute on other grounds*, LAWS OF 2008, ch. 231 § 4, *as recognized in State v. Cobos*, 182 Wn.2d 12, 15-16, 338 P.3d 283 (2014). Accordingly, we address Wells' contention regarding credit for time served on the merits.

*Reanier v. Smith*, 83 Wn.2d 342, 346, 517 P.2d 949 (1974). We review constitutional issues de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010).

Former RCW 9.94A.505(6) provides, "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." Former RCW 9.94A.505(6) "simply represents the codification of the constitutional requirement that an offender is entitled to credit for time served prior to sentencing." *State v. Williams*, 59 Wn. App. 379, 382, 796 P.2d 1301 (1990). Notwithstanding the limiting language of former RCW 9.94A.505(6), our Supreme Court has held that offenders are constitutionally entitled to credit for time served even where such presentence detention time was in regard to *multiple* separate charges. *See State v. Lewis*, 184 Wn.2d 201, 204-05, 355 P.3d 1148 (2015) (defendant entitled to credit for time served on assault and burglary sentences for the time he was detained awaiting trials on charges for assault, burglary and failure to register as a sex offender).

We analyze equal protection challenges under one of three standards of review: strict scrutiny, intermediate scrutiny, or rational basis. *State v. Manussier*, 129 Wn.2d 652, 672-73, 921 P.2d 473 (1996). Because Wells does not argue that he is a member of a suspect class or that application of the credit for time served statute threatens a fundamental right, we apply a rational basis review to his equal protection challenge. *Manussier*, 129 Wn.2d at 673.

Under the rational basis test, the challenged law must serve a legitimate state objective, the law must not be wholly irrelevant for achieving that objective, and the means must be rationally related to the objective. *Manussier*, 129 Wn.2d at 673. The legislature need not adopt

the best means; rather, the legislature has broad discretion in how it pursues its legitimate objectives. *Manussier*, 129 Wn.2d at 673.

Wells does not address the rational basis test as set forth in *Manussier* in his briefing before this court, instead merely claiming that he was entitled to credit for time served toward his sentence in the 2013 matter for the time that he was jailed solely on his 2014 charges. He argues that the failure to so credit him unconstitutionally "treats him differently based on his financial status" because a "rich person could have bailed out during the 91 days" that he was incarcerated. Br. of Appellant at 11. This argument fails.

Regardless of financial status, a defendant is not entitled to credit for presentence time served solely for a separate criminal matter. *See, e.g.*, *State v. Stewart*, 136 Wn. App. 162, 165-67, 149 P.3d 391 (2006) (defendant entitled to credit only for presentence time actually served on a charged offense) (citing *State v. Davis*, 69 Wn. App. 634, 849 P.2d 1283 (1993)); *State v. Watson*, 63 Wn. App. 854, 822 P.2d 327 (1992); *see also In re Pers. Restraint of Albritton*, 143 Wn. App. 584, 594 n.6, 180 P.3d 790 (2008) ("Denial of credit for unrelated charges does not raise due process, equal protection, or double jeopardy concerns.") That Wells was apparently unable to obtain bail with regard to his 2014 charges while his 2013 charges were dismissed has no bearing on the credit he is entitled to receive against his sentence in the 2013 matter, because he was not detained for the 2013 matter during that time period. In addition, Wells did receive credit for the 91 days of presentence detention time he served solely with regard to his 2014 charges. His presentence detention time for the 2014 charges was credited to the sentence for those same charges.

In short, the legislature has a rational basis for not crediting an offender's sentence with detention time that was not served in relation to the charges underlying that sentence. Because Wells did not serve the 91 days of detention time at issue here for the 2013 charges, he is not constitutionally entitled to credit for that time against his sentence in the 2013 matter.

Wells also argues that the failure to credit him with the time detained solely on the 2014 charges unfairly punishes him for successfully exercising his rights and obtaining a dismissal in the 2013 matter. Again, this argument fails. There was no punishment imposed for Wells' temporary success in obtaining a dismissal for his 2013 charges. He was not subject to confinement for his 2013 charges during the time period in which the charges were dismissed and, accordingly, he was not entitled to credit for any time served while the 2013 charges were dismissed. Wells was confined during that period solely because he had pending charges in a wholly separate criminal matter, for which he received credit against the sentence imposed in that separate matter.[3]

Accordingly, we hold that Wells has failed to demonstrate any due process or equal protection violation stemming from the sentencing court's refusal to credit him with the 91 days of presentence detention time served solely for a separate criminal matter.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Wells contends that his counsel was ineffective at sentencing for (1) failing to argue for a sentence at the bottom of the standard range, (2) failing to demand that a sentencing

---

[3] Wells' due process claim relies on the same case law and arguments used to support his equal protection claim. The due process claim thus fails for the same reasons as does the equal protection challenge. To the extent the argument in this paragraph describes a separate due process claim, it fails for the reasons in this paragraph.

hearing occur immediately after acceptance of his guilty pleas, and (3) failing to object to the State's request for a 13-day continuance of the sentencing hearing. On all contentions, we disagree.

To demonstrate ineffective assistance of counsel, Wells must show both (1) that defense counsel's conduct was deficient and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Performance is deficient if it falls below an objective standard of reasonableness. *In re Det. of Moore*, 167 Wn.2d 113, 122, 216 P.3d 1015 (2009). Counsel's conduct is not deficient if it can be characterized as legitimate strategy or tactics. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Prejudice occurs where there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We need "not address both prongs of the ineffective assistance test if the defendant's showing on one prong is insufficient." *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Regarding Wells' first claim of ineffective assistance, even assuming, without deciding, that counsel performed deficiently by failing to request a sentence at the bottom end of the standard range, Wells cannot show a reasonable probability that the sentencing court would have followed his recommendation. At Wells' plea hearing, the trial court informed Wells that it did not have to follow the State's recommended sentence of 24 months to be served concurrently with his sentence in the 2014 matter. The trial court further informed Wells that it could sentence him anywhere in the 20 to 60 month standard range for his offenses. The trial court

was aware of its discretion to sentence Wells anywhere within the standard range regardless of any sentencing recommendations from the State or defense counsel.

Against this background, Wells does not demonstrate a reasonable probability that the trial court would have exercised its discretion any differently had defense counsel recommended a sentence at the bottom of the range. Accordingly, he cannot show the requisite prejudice to support his claim of ineffective assistance of counsel on this ground.

Wells also contends that his defense counsel was ineffective for failing to demand a sentencing hearing immediately following entry of his guilty pleas and for acquiescing to the State's request for a continuance of the sentencing hearing. On each contention, we disagree.

Wells cannot show defense counsel performed deficiently by failing to immediately request a sentencing hearing following the entry of his guilty plea because this conduct can be characterized as a legitimate tactic. Defense counsel indicated at the plea hearing that he believed there was an arguable basis to credit Wells with time served in the 2014 matter based on existing case law. Although defense counsel's briefing and argument at the continued sentencing hearing was ultimately unsuccessful, we cannot say that the tactic of not requesting an immediate sentencing in order to fully prepare the arguments raised was illegitimate. Accordingly, Wells cannot show defense counsel performed deficiently on this basis.

Similarly, defense counsel's conduct in acquiescing to the State's request for a continuance of the sentencing hearing can be characterized as a legitimate tactic and, thus, cannot support Wells' ineffective assistance of counsel claim. After the State obtained a continuance of the sentencing hearing, defense counsel filed a supplemental sentencing brief that appears to encompass the same credit for time served argument raised in this appeal. Because

9

defense counsel's acquiescence to a continuance allowed him to present additional argument regarding Wells' credit for time served, it can be characterized as a legitimate strategy and, thus, cannot support a claim of ineffective assistance of counsel.

Moreover, Wells cannot show that the sentencing court would have likely denied the State's continuance request had defense counsel objected. The sentencing court stated that it desired to hear argument from the prosecutor who had prepared the State's sentencing memorandum, who was then unavailable. Because the sentencing court indicated its desire to hear from the unavailable prosecutor regarding the credit for time served issue, Wells cannot show a reasonable probability that it would have denied the State's continuance request had defense counsel objected. Accordingly, Wells' ineffective assistance claim fails for this reason as well.

### III. LFOs

Finally, Wells contends, and the State concedes, that the sentencing court erred by imposing a $2,000 drug enforcement fund fee as part of his LFOs, because the sentencing court found that Wells did not have the ability to pay discretionary LFOs. We agree and accept the State's concession that the sentencing court erred by imposing this fee.

Former RCW 10.01.160(3) (2010) provides in relevant part that a sentencing "court shall not order a defendant to pay costs unless the defendant is or will be able to pay them." This statutory requirement applies only to the imposition of discretionary LFOs. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). The drug enforcement fund fee imposed here was a discretionary LFO. *See* RCW 9.94A.760(1) ("the court *may* order the payment of a legal financial obligation as part of the sentence.") (emphasis added); former RCW 9.94A.030(30)

10

No. 49855-3-II

(2012) (defining "legal financial obligation" to include "county or interlocal drug funds."); *see also State v. Hunter*, 102 Wn. App. 630, 634-35, 9 P.3d 872 (2000) (characterizing imposition of fee for county or interlocal drug funds as discretionary).

The sentencing court found that Wells was unable to pay discretionary LFOs and stated its intention to waive discretionary LFOs. Despite this finding, Wells' judgment and sentence includes the imposition of the discretionary $2,000 drug enforcement fund fee. Because the imposition of this fee violates former RCW 10.01.160(3), we remand to the sentencing court to strike it from Wells' judgment and sentence. In all other respects, we affirm Wells' sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Johanson, J.

Sutton, J.

11