[No. 24163-0-I.   Division One.   October 1, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD THOMAS WILLIAMS, *Appellant*.

*Joshua Weinstein* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Arthur Chapman, Deputy,* for respondent.

PER CURIAM.—Richard Thomas Williams appeals the sentence he received on his conviction of robbery in the second degree. A commissioner accelerated review of this case pursuant to RAP 18.12 and set the case before a panel of judges for consideration.[1]

On March 5, 1989, Williams was arrested on suspicion of robbery. He was detained in King County Jail on $50,000 bail. Williams thereafter entered a guilty plea to the crime of robbery in the second degree.

At sentencing, Williams requested that the court grant him credit for the time served in jail. A community corrections officer addressed the court regarding the matter. The corrections officer opposed the request for jail credit, stating that Williams was on parole when he was arrested on the robbery charge, that his parole was immediately suspended because of his arrest, and "[h]e was held as a state prisoner at that time until today when . . . the papers [were served]." After considering the argument, the trial court determined that Williams was not entitled to credit against his current robbery conviction for the time served in jail. Williams was sentenced to a term of 18 months of confinement, which was within the standard range for the offense.

## ISSUE
Did the trial court err in failing to award credit for the presentence detention time Williams spent in jail?

## DECISION
Williams contends that the trial court improperly denied him credit for the time he served in King County Jail from

---

[1]RAP 18.12 provides:

"The appellate court may set any review proceeding for accelerated disposition on the judges' motion calendar. The appellate court clerk will notify the parties of the setting and any orders entered to promote the accelerated disposition under rules 1.2(c) and 18.8(a)."

the date of his arrest until sentencing on the robbery charge. Williams argues that he is entitled to credit for the jail time pursuant to former RCW 9.94A.120(12),[2] which read:

> The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced.

Williams suggests that the Legislature intended the qualifying language in the statute to refer to the underlying basis on which a criminal suspect is in custody. Williams asks this court to apply a "but–for" test and inquire into the rudimentary cause of an individual's confinement. Since he was not released from custody following his arrest on the robbery charge, Williams argues that he spent the time in jail "solely" on the robbery charge. We disagree.

■■ If we were to hold as Williams urges, it would be possible for an inmate to receive twice the amount of credit for the time he or she actually served in jail while awaiting trial and sentencing. The Legislature certainly did not intend such an absurd result. "'Statutes should receive a sensible construction which will effect the legislative intent and avoid unjust or absurd consequences.'" *State v. Curwood,* 50 Wn. App. 228, 231, 748 P.2d 237 (1987) (quoting *In re Hoffer,* 34 Wn. App. 82, 84, 659 P.2d 1124 (1983)). As the trial court cautioned in this case:

> I am satisfied that the 70 days that [Williams] has served will be taken off of his sentence that he is being held on and since this sentence is to run consecutively to that sentence, he will get credit for 70 days and that is why I am not including it in this order. If I included it in this order and write consecutive, he will get credit for 70 days on each one of these and he is not entitled to 70 days but one time and I am satisfied he will get his 70 days on the prior sentence.

---

[2]Former RCW 9.94A.120(12) was the statute in effect at the time Williams was sentenced on the robbery conviction. The Legislature has since amended RCW 9.94A.120 and the presentence detention time credit provision is currently set forth in RCW 9.94A.120(13). The language in RCW 9.94A.120(13) and former RCW 9.94A.120(12) is identical.

Former RCW 9.94A.120(12) simply represents the codification of the constitutional requirement that an offender is entitled to credit for time served prior to sentencing. Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* comment, at II–23 (1988). The former statute therefore entitled Williams to nothing more than the constitution required.

In *State v. Phelan,* 100 Wn.2d 508, 518, 671 P.2d 1212 (1983), the Supreme Court held that to fulfill constitutional requirements a prisoner must be given full day–for–day credit for his or her presentence jail time. In *In re Phelan,* 97 Wn.2d 590, 647 P.2d 1026 (1982), the court held as follows:

> As to the fourth category of jail time while petitioner was awaiting the revocation hearing, we believe petitioner is entitled to credit only if the jail time served was exclusively on the principal underlying charge of second degree rape. At the time petitioner was transferred back to Thurston County on a probation detainer, he was serving a 6–month sentence in Clark County on charges of obstructing a public servant, driving while his license was revoked, and two counts of hit and run. That sentence would have expired October 17, 1980. On August 13, 1980, petitioner's revocation hearing was held and his probation was revoked.
>
> Under the reasoning of *Reanier* [*v. Smith,* 83 Wn.2d 342, 517 P.2d 949 (1974),] and [*State v.*] *Hultman,* [92 Wn.2d 736, 600 P.2d 1291 (1979)], it would seem petitioner is entitled to no credit for the time he served in jail while awaiting his revocation hearing. None of the considerations of due process, equal protection, or multiple punishments arising in *Reanier* and *Hultman* appear as to this category of jail time since petitioner was serving time on the Clark County charges—not on the principal underlying charge. Therefore, petitioner is not entitled to credit against his maximum sentence for the time he served while awaiting his probation revocation hearing.

*Phelan,* at 597.

In this case, it is undisputed that after his arrest for robbery, Williams was also being detained because of the suspension of his parole. Williams was not, therefore, confined "solely" on the robbery charge during the time he was in jail. Based on the record before this court, the trial court

properly refused to award Williams any jail credit on the robbery conviction.

The judgment and sentence are affirmed.