[No. 54830-1-I.  Division One.  March 6, 2006.]

*In the Matter of the Personal Restraint of* TONY COSTELLO, *Petitioner.*

830

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Summers, Deputy*; and *Robert M. McKenna, Attorney General,* and *Donna H. Mullen, Assistant,* for respondent.

¶1 DWYER, J. — An offender sentenced to a term of confinement has both a constitutional and a statutory right to receive credit for all confinement time served before sentencing. However, an offender serving multiple consecutive sentences is not entitled to have credit for a discrete period of confinement applied to each consecutive sentence, as this would result in a multiple award of the credit. Petitioner Tony Costello filed this personal restraint petition challenging the Department of Corrections' (DOC) refusal to apply credit to each of two consecutive sentences for time he served in the King County Jail from June 4, 2001, to April 16, 2002. Given that the relevant statute does not entitle Costello to the credit and that the DOC is not required to give legal force to a jail certification containing a manifest error of law, Costello's petition is denied.

*FACTS*

¶2 Costello was detained in the King County Jail from February 27, 2000, to March 17, 2000, and from January 19, 2001, to April 16, 2002.

¶3 On September 14, 2001, Costello was sentenced in cause No. 00-1-01846-7 to serve 87 months in prison for burglary in the first degree and 29 months in prison for attempting to elude a pursuing police vehicle, the terms of confinement to run concurrently.

¶4 On February 28, 2002, Costello was convicted by jury verdict of two counts of theft in the first degree under cause No. 01-1-04825-9. On April 5, 2002, he was sentenced to 57 months confinement on each count, the terms to run concurrently with each other but consecutively to the terms of confinement imposed in cause No. 00-1-01846-7. The 2002 judgment and sentence also provided that credit be given for time served and earned early release time ("good time") "as determined by the King County Jail, solely for conviction under this cause number pursuant to RCW 9.94A.120(17)."[1]

¶5 On April 16, 2002, Costello was admitted to the DOC. When an inmate is transferred from a county jail to the DOC, the jail certifies the amount of time the inmate has served in that jail. Accordingly, in transferring Costello to the DOC, jail staff certified the amount of time Costello had spent in jail for the 2001 convictions and the 2002 convictions. On his 2001 convictions, Costello was credited with 472 days of time served and 236 days of good time, reflecting days in custody from February 27, 2000, to March 17, 2000, and from January 19, 2001, to April 16, 2002. On his 2002 convictions, Costello was credited with 317 days of time served and 158 days of good time, reflecting days in custody from June 4, 2001, to April 16, 2002. Thus, the jail staff certified time served and good time credit for the period from June 4, 2001, to April 16, 2002, on each cause number.

---

[1] Although the judgment and sentence form refers to former RCW 9.94A.120(17) (2000), the applicable subsection of the statute had been recodified twice by the time Costello was sentenced, first as former RCW 9.94A.120(6) (effective July 1, 2001), and again as RCW 9.94A.505(6) (effective 2002). The revisions of this chapter that became effective on July 1, 2004, did not affect RCW 9.94A.505(6); the language of the subsection has remained identical. Further, no party has raised any issue relating to the many revisions of this provision.

¶6 DOC staff noticed this duplication and applied the credit for the period between June 4, 2001, and April 16, 2002, only to the sentence on his 2001 convictions.

¶7 Costello filed the instant petition contending that he is entitled to the benefit of both jail certifications and should, therefore, also receive credit for the period between June 4, 2001, and April 16, 2002, against the sentence he received under cause No. 01-1-04825-9, the 2002 sentence.

## DISCUSSION

¶8 To obtain state judicial review of a decision through a personal restraint proceeding, an inmate is required to demonstrate both that he or she is being restrained and that the restraint is unlawful. RAP 16.4(a); *In re Pers. Restraint of Dutcher*, 114 Wn. App. 755, 758, 60 P.3d 635 (2002) (citing *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 144, 866 P.2d 8 (1994)). The petitioner may obtain relief by demonstrating either a constitutional violation or a violation of state law. RAP 16.4(c)(2), (6); *Cashaw*, 123 Wn.2d at 148.

¶9 The statutory requirement codified in former RCW 9.94A.120(17) (2000), that an offender receive credit for all pretrial detention time served, reflects a constitutional mandate. *State v. Speaks*, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992). Failure to allow such credit violates due process, denies equal protection, and offends the prohibition against multiple punishments. *State v. Cook*, 37 Wn. App. 269, 271, 679 P.2d 413 (1984). In addition, an inmate has a constitutionally protected, though limited, liberty interest in good time credits. *Dutcher*, 114 Wn. App. at 758. Thus, a DOC action that wrongfully denies an inmate credit for time served or good time earned would result in the unlawful restraint of the inmate.

¶10 Costello brings this petition claiming two alternative bases for relief. First, Costello contends that the sentence entered on his 2002 convictions is ambiguous and is either invalid or should be construed to make that

sentence partially concurrent with the sentence on his 2001 convictions. Second, Costello challenges the DOC's refusal to credit the sentence on his 2002 convictions with the time served and good time certified by the jail. Costello's arguments are unavailing.

¶11 Although Costello contends that the sentence on his 2002 convictions is ambiguous as to whether the sentence was consecutive or concurrent to the sentence on his 2001 convictions, we determine that the judgment and sentence is devoid of ambiguity. The 2002 judgment and sentence expressly provides that the sentence runs consecutively to the sentence on his 2001 convictions.

¶12 Costello disputes the effect of the sentence, urging either that the jail certification entitles him to a duplicate award of credit or, alternatively, that the 2002 sentence is partially consecutive to and partially concurrent with the 2001 sentence. Neither argument is persuasive.

■ ¶13 The 2002 judgment and sentence at issue expressly awards credit for "days as determined by the King County Jail, solely for conviction under this cause number pursuant to RCW 9.94A.120(17)." Former RCW 9-.94A.120(17) states, "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." This statute "simply represents the codification of the constitutional requirement that an offender is entitled to credit for time served prior to sentencing." *State v. Williams*, 59 Wn. App. 379, 382, 796 P.2d 1301 (1990). Credit is not allowed for time served on other charges. *In re Pers. Restraint of Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982).

■ ¶14 Former RCW 9.94A.120(17) grants sentencing authority exclusively to the court. The statute does not give the sentencing court authority to credit an offender for more pretrial detention time than he or she is entitled to by law. Accordingly, neither former RCW 9.94A.120(17) nor a judgment and sentence form incorporating that provision can be construed as authorizing a jail to credit an offender

with more time than he or she is entitled to by law. The jail's calculation of credit for time served is not independently legally binding. If the jail's calculation is correct, it has the force of law. If the jail's calculation is erroneous, the law, not the certification, provides the correct result. Costello was never confined solely in regard to the 2002 convictions. Therefore, the statute does not entitle Costello to any credit on that sentence.[2]

██ ██ ¶15 Washington law requires that sentences be either fully consecutive to or fully concurrent with one another. *State v. Grayson*, 130 Wn. App. 782, 125 P.3d 169 (2005). An award of credit for time served on the 2002 convictions that would credit Costello with any days that are also credited to the sentence on his 2001 convictions would unlawfully render the sentences partially concurrent. The plain language of the judgment and sentence indicates that the sentencing court neither attempted nor intended to impose an unlawful sentence.

██ ¶16 Finally, Costello contends that the DOC acted beyond its authority in refusing to give any effect to the jail certification. However, the DOC is prohibited from accepting certifications that are based on apparent or manifest errors of law. *In re Pers. Restraint of Williams*, 121 Wn.2d 655, 853 P.2d 444 (1993).[3] In fact, a certification does not have legal force if it is based upon an apparent or manifest error of law. *Williams*, 121 Wn.2d at 664.

¶17 In the present case, the jail certification for Costello's 2002 convictions and the jail certification for his 2001 convictions each credited Costello for time served and good time earned for the period from June 4, 2001, to April 16, 2002. The DOC astutely recognized the duplicate nature

---

[2] Because Costello is not entitled to credit for time served on cause No. 01-1-04825-9, he is not entitled to good time for the same period applied to the same cause.

[3] In *Williams*, our Supreme Court addressed the role of the DOC and county jails in regard to time certifications. Although *Williams* addressed jail certifications in the context of the earned early release ("good time") statute, former RCW 9.94A.150 (2000), *recodified as* RCW 9.94A.728, its rationale applies to certification of time served under former RCW 9.94A.120(17).

of this certification. The DOC correctly recognized that the term of the 2002 sentence was ordered to run consecutively to the term of the 2001 sentence. Thus, the DOC correctly concluded that the two jail certifications, if applied, would contravene former RCW 9.94A.120(17), the provisions of the applicable judgments and sentences, and the statutory requirement that sentences be either fully consecutive or fully concurrent. The jail certifications, therefore, contained a manifest error of law.

¶18 The DOC's resolution of this error provided Costello with all the credit he was entitled to by law, followed Washington law requiring sentences to be either fully consecutive or fully concurrent, and adhered to the terms of the judgments and sentences at issue.

¶19 Costello has failed to meet his burden of demonstrating unlawful detention. The judgment and sentence at issue is unambiguous, the relevant statute does not entitle him to additional credit for time served, and the DOC is not required to give legal force to a certification containing a manifest error of law.

¶20 Accordingly, the petition is denied.

AGID and BECKER, JJ., concur.