# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48323-8-II |
| Respondent, | |
| v. | |
| COBA PALMER, JR., | |
| Appellant. | Consolidated With |
| In the Matter of the Personal Restraint Petition of | No.  48286-0-II |
| COBA PALMER, JR., | UNPUBLISHED OPINION |
| Peititioner. | |

WORSWICK, P.J. — In this consolidated case, we consider Coba Palmer, Jr.'s direct appeal and personal restraint petition (PRP) wherein he challenges his credit for the amount of presentence time he served.  Palmer pleaded guilty to one count of residential burglary under cause number 14-1-03795-5 (the original charge) and three counts of residential burglary and one count of first degree theft under cause number 14-1-04764-1 (the additional charges).  In his direct appeal, filed under cause number 14-1-04764-1, he argues the trial court erred (1) by failing to award him concurrent credit for presentence time served because (a) the court did not exercise its discretion under RCW 9.94A.505(6) and (b) the court's failure violated his rights to

No. 48323-8-II
Cons. with No. 48286-0-II

due process and equal protection and (2) in denying his CrR 7.8 motion without transferring the motion to us or holding a show cause hearing.

In his statement of additional grounds (SAG), Palmer contends that (1) the superior court clerk did not file his CrR 7.8 motion and did not have the authority to deny his motion and (2) the State breached its plea agreement because he did not receive credit for presentence time served.

In his PRP, filed under both cause numbers, Palmer asserts that his due process rights were violated because he was not given the proper amount of credit for presentence time served on both cause numbers. We cannot consider Palmer's credit for presentence time served arguments on direct appeal, but we grant his petition and remand his sentence on the original charge (cause number 14-1-03795-5) for DOC to recalculate his credit for presentence time served consistent with this opinion. We also exercise our discretion to waive appellate costs.

FACTS

Palmer was originally charged with one count of residential burglary (cause number 14-1-03795-5). He was booked in the Pierce County Jail on that charge on September 23, 2014. Palmer was confined in jail for a total of seven days but was released after obtaining bail.[1]

Palmer was later charged with three unrelated counts of residential burglary and one count of first degree theft (cause number 14-1-04764-1) and booked on November 24, 2014. Palmer was unable to obtain bail on the additional charges, and he remained in confinement

---

[1] Palmer was in confinement only on the original charge from September 23, 2014, to September 25, 2014, and from October 24, 2014, to October 28, 2014.

2

awaiting sentencing.  Palmer represents, and the State does not deny, that his bail on the original

charge was revoked, and he was again booked on that charge on November 24, 2014.  Court of

Appeals oral argument, *State v. Palmer*, No. 48323-8-II (January 24, 2017) at 10 min., 32 sec.,

*audio recording available at* http://www.courts.wa.gov.  Thus, Palmer was held in jail on the

original charge and the additional charges beginning on November 24.

On July 15, 2015, Palmer entered guilty pleas on both cause numbers under a plea

agreement with the State.  At sentencing, the State recommended that Palmer receive a sentence

of 63 months on both charges, to be served concurrently.  The State also recommended that

Palmer receive credit for presentence time served.

On July 27, the trial court sentenced Palmer on both cause numbers.  The court sentenced

Palmer to 63 months on the original charge and gave him credit "for time served prior to

sentencing if that confinement was solely under this cause number."  Br. of Resp't (Dep't of

Corr.) (Ex. 1 at 6).  Palmer's judgment and sentence for the original charge also stated that the

amount of time served was to be computed by DOC.  The trial court sentenced Palmer to 63

months of confinement for the additional charges, to run concurrent with the original charge.

Palmer's judgment and sentence for the additional charges similarly stated that Palmer was to

receive credit for presentence time served and that the amount of time served was to be

calculated by DOC.

Palmer was confined in jail until he was received in DOC custody on July 30.  DOC

credited Palmer with 9 days of credit for time served on the original charge and 248 days of

credit for time served on the additional charges.[2] DOC did not credit Palmer with presentence time served on the original charge between November 24, 2014, and July 27, 2015.

Following sentencing, Palmer filed a timely CrR 7.8 motion for relief from judgment for the additional charges, asking the trial court to modify his sentence. In his motion, Palmer argued that the trial court failed to give him concurrent credit for presentence time served on both cause numbers. The trial court did not transfer the motion to us for consideration as a PRP and denied Palmer's motions without holding a show cause hearing. Palmer later filed his PRP and timely notice of appeal. We consolidated Palmer's petition with his direct appeal.

ANALYSIS

I. DIRECT APPEAL

A.    *Credit for Presentence Time Served*

Palmer argues the trial court erred in failing to award him concurrent credit for presentence time served on both cause numbers because (a) the court failed to exercise its discretion under RCW 9.94A.505(6) and (b) the court's failure violated his rights to due process and equal protection. We cannot consider these arguments because they rely on matters outside the record on direct appeal.

Both of Palmer's claims rely on matters outside the record on direct appeal. After an independent review of the record, we have been unable to find evidence regarding the amount of

---

[2] DOC's calculation of Palmer's credit for time served included an award of three days of credit for time served under each cause number while Palmer awaited transfer to DOC custody after sentencing between July 27, 2015, and July 30, 2015.

credit for presentence time served Palmer is entitled to or the amount of credit he received. As a result, there is insufficient evidence of Palmer's claims in the record to review it on direct appeal. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Further, we will not consider matters outside the trial record identified on appeal. 127 Wn.2d at 335. Accordingly, Palmer cannot show *on this record* that he did not receive the proper amount of credit for presentence time served, and we do not consider his arguments.

B.      *CrR 7.8 Motion*

Palmer next argues the trial court erred in denying his CrR 7.8 motion by failing to either transfer the motion to us for consideration as a PRP or conduct a show cause hearing. The State concedes that the trial court erred, but it argues that the error was harmless. We agree with the State.

1.      The Trial Court's Ruling on the CrR 7.8 Motion

We review a trial court's decision to grant or deny a defendant's CrR 7.8 motion for abuse of discretion. *State v. Robinson*, 193 Wn. App. 215, 217, 374 P.3d 175 (2016). A trial court abuses its discretion when it bases its decision on unreasonable or untenable grounds. *State v. Partee*, 141 Wn. App. 355, 361, 170 P.3d 60 (2007).

> CrR 7.8(c)(2) provides that the trial court must transfer a defendant's CrR 7.8 motion
>
> to the Court of Appeals for consideration as a personal restraint petition unless the court determines the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

If the trial court does not transfer the CrR 7.8 motion to us, it must hold a show cause hearing. CrR 7.8(c)(3); *Robinson*, 193 Wn. App. at 218.

Here, Palmer filed a timely CrR 7.8 motion for relief from judgment, asking the trial court to modify his sentence and give him concurrent credit for presentence time served on both cause numbers. The trial court did not transfer the motion to us for consideration as a PRP. Instead, the trial court denied Palmer's motion without holding a show cause hearing, violating CrR 7.8(c). Because the trial court failed to comply with CrR 7.8(c), the trial court abused its discretion. However, this error was harmless.

2.      Harmless Error

We review a trial court's violation of a court rule for harmless error. *State v. Robinson*, 153 Wn.2d 689, 697, 107 P.3d 90 (2005). Reversal is appropriate only when the trial court's violation is prejudicial. 153 Wn.2d at 697. We determine whether the trial court's error was prejudicial in that "'within reasonable probabilities, [if] the error [had] not occurred, the outcome of the [motion] would have been materially affected.'" 153 Wn.2d at 697 (alterations in original) (quoting *State v. Templeton*, 148 Wn.2d 193, 220, 59 P.3d 632 (2002)).

Here, Palmer filed his PRP, raising the same claims as his CrR 7.8 motion, soon after he filed his CrR 7.8 motion in the trial court. The merits of Palmer's CrR 7.8 motion are now properly before us in his PRP, and it is subject to the same remedy as it would have been if the trial court had not violated CrR 7.8(c). Accordingly, the outcome of Palmer's CrR 7.8 motion is not materially affected by the trial court's violation of CrR 7.8(c). Therefore, the trial court's error is not prejudicial, and the error is harmless.

No. 48323-8-II
Cons. with No. 48286-0-II

C.      *Appellate Costs*

Palmer asks that we refrain from awarding appellate costs against him. We have the discretion to waive appellate costs. RAP 14.2; *State v. Sinclair*, 192 Wn. App. 380, 389-90, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

The trial court found that Palmer was indigent. We must presume under RAP 15.2(f) that he remains indigent "throughout the review" unless the trial court finds that his financial condition has improved. Therefore, we exercise our discretion to waive appellate costs.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Palmer claims that (1) the superior court clerk did not file his CrR 7.8 motion and did not have the authority to deny his motion and (2) the State breached its plea agreement because he did not receive credit for presentence time served. Both of Palmer's claims lack merit.

A.      *Court Clerk*

Palmer contends that the superior court clerk's failure to file his CrR 7.8 motion violated his due process rights and that the clerk did not have the authority to deny his motion. Here, the superior court clerk filed Palmer's CrR 7.8 motion, and the trial court denied it. Accordingly, Palmer's claim lacks merit.

B.      *Plea Agreement*

Palmer also contends that the State breached its plea agreement because he did not receive credit for presentence time served, as agreed upon. We disagree.

7

We review issues concerning the interpretation of a plea agreement de novo. *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006). A plea agreement is a contract between the defendant and the State that does not bind a trial court. *State v. Sledge*, 133 Wn.2d 828, 839 n. 6, 947 P.2d 1199 (1997). Due process requires a prosecutor to adhere to the terms of the plea agreement and to recommend the agreed upon sentence. 133 Wn.2d at 839.

The Statement of Defendant on Plea of Guilty on the additional charges included a notation that the prosecutor would recommend that Palmer receive credit for time served and that his sentence for the additional charges run concurrent to his sentence on the original charge. The notation did not specify the amount of credit for time served Palmer was entitled to receive.

At sentencing, the prosecutor recommended that Palmer's sentence for the additional charges run concurrent to his sentence for the original charge. In addition, the State noted that Palmer was entitled to receive credit for presentence time served. Palmer did not object and stated that "[t]his [was] a joint recommendation." Verbatim Transcript of Proceedings (VTP) (July 27, 2015) at 4.

"'[C]redit for time served' in a standard plea bargain has a fixed legal meaning which is time served 'solely in regard to the offense for which the offender is being sentenced.'" *State v. Watson*, 63 Wn. App. 854, 860, 822 P.2d 327 (1992) (discussing RCW 9.94A.120(13), which was renumbered as RCW 9.94A.505(6)). Accordingly, the prosecutor abided by the terms of Palmer's plea agreement by recommending the agreed upon sentence and noting that Palmer was entitled to credit for time served. Therefore, Palmer's claim lacks merit.

### III. PERSONAL RESTRAINT PETITION

In his petition, Palmer argues his due process rights were violated because he was not given the proper amount of credit for presentence time served on both cause numbers.[3] We agree that Palmer was not given the proper amount of credit for all presentence time served on the original charge, and we grant his petition.

A.      *PRP Principles*

When considering constitutional arguments raised in a PRP, we determine whether the petitioner demonstrates that the constitutional error caused actual and substantial prejudice. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014). "Actual and substantial prejudice, which 'must be determined in light of the totality of circumstances,' exists if the error 'so infected petitioner's entire trial that the resulting conviction violates due process.'" *In re Pers. Restraint of Crow*, 187 Wn. App. 414, 421, 349 P.3d 902 (2015) (quoting *In re Pers. Restraint of Music*, 104 Wn.2d 189, 191, 704 P.2d 144 (1985)). If we are convinced that the petitioner has proven actual and substantial prejudice, we grant the petition. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013).

---

[3] In its response to the PRP, the State raises the issue of Palmer's unrelated misdemeanor sentence and argues Palmer's sentence on the misdemeanor was ordered to run concurrent with his sentence for the original and additional charges. But Palmer's misdemeanor conviction and sentence is not part of his petition, and evaluating the misdemeanor sentence does not resolve Palmer's due process argument. We decline to grant the State affirmative relief on Palmer's PRP.

No. 48323-8-II
Cons. with No. 48286-0-II

B.      *Credit for Presentence Time Served*

A petitioner sentenced to a term of confinement has a constitutional right to receive credit for all presentence time served in confinement. *State v. Speaks*, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992). The failure to credit a petitioner with all presentence time served violates due process and equal protection. *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006). We review constitutional issues de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010).

The legislature codified the procedure for calculating credit for presentence time served in RCW 9.94A.505(6). That statute provides that the trial court must "give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6). Both RCW 9.94A.505(6) and the constitutional principles of due process and equal protection entitle a petitioner serving pretrial confinement on multiple charges to credit for any presentence time served, so long as he does not receive double credit. *State v. Lewis*, 185 Wn. App. 338, 345, 344 P.3d 1220 (2014), *aff'd in part, rev'd in part on other grounds*, 184 Wn.2d 201, 355 P.3d 1148 (2015).

Here, the State argues that RCW 9.94.505(6) entitles Palmer to be credited for presentence time he served from November 24, 2014, to July 27, 2015, for only one offense. But this is the exact argument we rejected in *State v. Lewis*, 185 Wn. App. 338, 344 P.3d 1220 (2014), and our Supreme Court rejected in *State v. Lewis*, 184 Wn.2d 201, 355 P.3d 1148 (2015), on due process grounds.

10

When Palmer was charged with the additional charges, he was unable to obtain bail and was booked in jail on November 24, 2014. Palmer argues, and the State appears to concede, that his bail on the original charge was revoked, and he was again booked on the original charge on November 24, 2014. Court of Appeals oral argument, *State v. Palmer*, No. 48323-8-II (January 24, 2017) at 10 min., 32 sec., *audio recording available at* http://www.courts.wa.gov. Thus, Palmer was being held on all of the charges during this time.

On July 27, 2015, the trial court sentenced Palmer to 63 months of confinement on both the original and the additional charges. The sentences were ordered to run concurrently. Palmer's judgment and sentence for both the original and additional charges stated that the amount of credit for time served was to be computed by DOC. DOC credited Palmer with 9 days of credit for time served on the original charge and 248 days of credit for time served on the additional charges. DOC did not credit Palmer with presentence time served on the original charge between November 24, 2014, and July 27, 2015.

Palmer was in pretrial confinement on both the original and the additional charges from November 24, 2014, until July 27, 2015. State's Response to PRP at 3; Court of Appeals oral argument, *State v. Palmer*, No. 48323-8-II (January 24, 2017) at 15 min., 54 sec., *audio recording available at* http://www.courts.wa.gov. The constitution and RCW 9.94A.505(6) require that Palmer receive credit for *all* presentence time served on his multiple charges. *Lewis*, 355 P.3d at 1150; *Lewis*, 185 Wn. App. at 345. However, DOC did not credit Palmer with time served between November 24, 2014, and July 27, 2015 on the original charge. Accordingly, we

11

No. 48323-8-II
Cons. with No. 48286-0-II

remand Palmer's sentence on the original charge for DOC to properly calculate his credit for all presentence time served under cause number 14-1-03795-5.

Because Palmer was not given credit for all presentence time served, his sentence violates due process and equal protection. Therefore, Palmer shows his sentence on the original charge resulted in actual and substantial justice, and we grant his petition.

CONCLUSION

We do not consider Palmer's credit for presentence time served arguments on direct appeal because his arguments rely on matters outside the record on appeal. We conclude that the trial court's error in denying Palmer's CrR 7.8 motion was harmless, and we waive appellate costs. We, however, grant Palmer's petition and remand his sentence for DOC to properly recalculate his credit for all presentence time served on the original charge (cause number 14-1-03795-5).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

_____
Worswick, P.J

We concur:

_____
Johanson, J.

_____
Sutton, J.

12