# NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 29, 2021

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 29, 2021

*Erin L. Lennon*

ERIN L. LENNON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 99101-4 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN ENRIQUEZ-MARTINEZ, | ) | |
| | ) | |
| Petitioner. | ) | Filed: <u>July 29, 2021</u> |
| _____ | ) | |

GONZÁLEZ, C.J.— With some exceptions not relevant here, when a person is sentenced to jail or prison they are entitled to credit for all the time they have already been held by the State on those charges. *State v. Lewis*, 184 Wn.2d 201, 205, 355 P.3d 1148 (2015) (citing *Reanier v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974)). Juan Enriquez-Martinez was in custody in Oregon, held on both Washington and Oregon pending charges. For his Washington conviction, he was denied credit for the time he spent in jail in Oregon on a variety of grounds. Finding none of those grounds availing, we reverse the Court of Appeals and remand for further proceedings consistent with this opinion.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Enriquez-Martinez*, No. 99101-4

FACTS

Enriquez-Martinez abused his wife's young cousin for many years. The abuse occurred at family events in both Washington and Oregon. In April 2014, Enriquez-Martinez was arrested in Oregon on charges related to that abuse. While Enriquez-Martinez was in custody in Oregon, Klickitat County also filed charges based on that abuse, and a judge issued a warrant for his arrest. That arrest warrant directed that Enriquez-Martinez be held without bail until he was presented before the Klickitat County court.

Enriquez-Martinez continued to be held on both charges in the Oregon jail for months until an Oregon prosecutor proposed a global plea offer to resolve all charges. Under that proposal, Enriquez-Martinez would plead guilty to first degree sexual abuse in Oregon and first degree child molestation in Washington and would receive concurrent 75 month sentences on each, with credit for time served. A few months later, Enriquez-Martinez agreed to the deal.

For reasons not in the record, Enriquez-Martinez remained in jail in Oregon nearly 7 more months. In January 2016, 20 months after he was first arrested, he was transferred to Washington, pleaded guilty to first degree child molestation, and was sentenced to the top of the statutory range. As part of the boilerplate language of the judgment and sentence, he received "credit for time served prior to sentencing if that confinement was solely under this cause number." Clerk's

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Papers at 20. Later in 2016, he was returned to Oregon where he pleaded guilty to first degree child abuse.

After Enriquez-Martinez was returned to Washington State to serve his sentence, the Washington Department of Corrections declined to give him credit for the time he had served in Oregon. Enriquez-Martinez filed a CrR 7.8 motion asking the trial judge to correct his sentence to make clear he was entitled to credit for the time he had served after the Washington warrant was served. By the time his challenge was heard, his original trial judge had retired from the bench, and a new judge denied his motion. The Court of Appeals affirmed, and we granted review. 196 Wn.2d 1042 (2021).

ANALYSIS

Generally, we review trial court decisions on CrR 7.8 motions for abuse of discretion. *See State v. Buckman*, 190 Wn.2d 51, 57, 409 P.3d 193 (2018) (citing *State v. Hardesty*, 129 Wn.2d 303, 915 P.2d 1080 (1996)). Discretion may be abused if it is exercised on untenable grounds or for untenable reasons, such as a misunderstanding of the law. *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008) (citing *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

As a matter of constitutional law, defendants are entitled to credit for all time served in confinement on a criminal charge, whether that time is served before or after sentencing. *Lewis*, 184 Wn.2d at 205 (citing *Reanier*, 83 Wn.2d

3

342); *State v. Phelan*, 100 Wn.2d 508, 514, 671 P.2d 1212 (1983). The legislature has attempted to capture that principle in RCW 9.94A.505(6), which says, "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." But our constitution does not allow us to treat offenders who cannot obtain bail differently from those who can. *See Lewis*, 184 Wn.2d at 205 (citing *Reanier*, 83 Wn.2d 342); *Phelan*, 100 Wn.2d at 514. "Even without statutory authority for the allowance of such credit, it is constitutionally mandated." *State v. Speaks*, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992) (citing *Reanier*, 83 Wn.2d at 347). In a pre-SRA (Sentencing Reform Act of 1981), ch. 9.94A RCW, case where defendants had been denied such credit, we elaborated:

> Physical liberty, while not recognized as "fundamental", is a basic human right and the poor, while not a suspect class, cannot be said to be fully accountable for their status. Since a denial of credit for presentence jail time involves both a deprivation of liberty in addition to that which would otherwise exist, and a classification based solely on wealth, we will apply an intermediate level of scrutiny in the present case.
>
> The denial of credit against discretionary minimum terms for time actually served in jail prior to sentencing does not satisfy this test.

*Phelan*, 100 Wn.2d at 514.

Illustrative is the recent case of Adam Lewis, who had been arrested on a variety of charges in May 2011 and could not make bail. 184 Wn.2d at 202-03.

4

*State v. Enriquez-Martinez*, No. 99101-4

While Lewis was in jail, he was also charged with failing to register as a sex offender. Lewis pleaded guilty to failing to register in August 2012, began serving a sentence that same day, and was given credit for the 387 days he had served thus far in jail. *Id.* at 203. Later that year, he pleaded to the remaining charges and received concurrent sentences and credit for the same 387 days. *Id.* The Court of Appeals reversed. *Id.* (citing *State v. Lewis*, 185 Wn. App. 338, 346, 344 P.3d 1220 (2014)). We accepted the State's concession that Lewis was entitled to credit for the 387 days on all of the charges for which he was held. *Id.* at 205. We reasoned:

> [D]enying Lewis credit for those 387 days would result in him serving a longer sentence than if he had been able to make bail on the various charges. If he had been able to make bail, he would have begun serving time only after he was sentenced. Since he received concurrent sentences, any time served after sentencing would apply toward all of his sentences. But since Lewis was unable to make bail, he began serving time prior to trial. If such pretrial detention applied to only one of his sentences rather than all three, he would be treated differently based solely on his ability to make bail. The State concludes that such a result is precluded by our long-standing rule from [*Reanier v. Smith*], 83 Wn.2d 342, 517 P.2d 949 (1974). Under *Reanier*, a person unable to obtain pretrial release may not be confined for a longer period of time than a person able to obtain pretrial release without violating due process and equal protection. *Id.* at 346. We accept the State's concession and remand for Lewis to receive credit for those 387 days of time served on his assault and burglary sentences.

*Lewis*, 184 Wn.2d at 205. By contrast, once Lewis began serving his sentence for failing to register as a sex offender, he was no longer statutorily or constitutionally

5

*State v. Enriquez-Martinez*, No. 99101-4

entitled to credit toward the other, unsentenced, charges. *Id.* at 206; RCW

9.94A.505(6).

The State argues that *Lewis* does not apply because Enriquez-Martinez was

held on a no-bail warrant. But in a long line of cases we have rejected the

argument that a defendant can be treated differently based on whether or not they

can obtain bail. *Lewis*, 184 Wn.2d at 205 (citing *Reanier*, 83 Wn.2d 342); *Phelan*,

100 Wn.2d at 514. While these cases were based on the constitutional principle

that a defendant cannot be held longer because of poverty, their holdings are

broader. *Lewis*, 184 Wn.2d at 205 (citing *Reanier*, 83 Wn.2d 342); *Phelan*, 100

Wn.2d at 514. Simply put, a defendant is entitled to credit for all the time they

were confined on charges prior to sentencing on those charges, regardless of how

many charges they were held on.[1]

We stress, however, that an offender is not entitled to credit for time held on

a pending charge if they simultaneously were serving time on a sentence already

imposed in another case. *Lewis*, 184 Wn.2d at 206. Nor are they entitled to credit

---

[1] For the first time in its supplemental brief, the State argues we should dismiss this case as moot because Enriquez-Martinez has recently been deported. A case is moot if the appellate court can no longer provide effective relief. *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). But we may review a moot case if it presents an issue of continuing and substantial public interest. *State v. Beaver*, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). Whether a moot case involves a matter of substantial public interest depends on whether the issue is of a public or private nature, whether an authoritative determination is desirable to provide future guidance to public officers, and whether the issue is likely to recur. *Phila. II v. Gregoire*, 128 Wn.2d 707, 712, 911 P.2d 389 (1996). Given the tension between the Court of Appeals opinion below and *Lewis*, we decline to dismiss this case as moot.

*State v. Enriquez-Martinez*, No. 99101-4

on a charge for time they are also serving on a parole or probation violation. *See*

*State v. Williams*, 59 Wn. App. 379, 382-83, 796 P.2d 1301 (1990) (quoting *In re*

*Pers. Restraint of Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982)).

CONCLUSION

We hold Enriquez-Martinez was entitled to credit for all of the time he was

confined on the Washington charges, including the time spent in custody in

Oregon. Accordingly, we reverse the Court of Appeals and remand for further

proceedings consistent with this opinion.

González, C.J.

WE CONCUR:

| | |
|---|---|
| Johnson, J. | Gordon McCloud, J. |
| Madsen, J. | Yu, J. |
| Owens, J. | Montoya-Lewis, J. |
| Stephens, J. | Whitener, J. |

7