FILED
6/13/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83044-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TYRESE BRANDELE HARRISON, | ) | |
| | ) | |
| Appellant. | ) | |

CHUNG, J. — In 2011, Tyrese Harrison pleaded guilty to one count each of second degree murder and unlawful possession of a firearm. The unlawful possession charge was predicated on prior convictions for drug possession that are now void under State v. Blake.[1] Upon resentencing, the court dismissed the unlawful possession of a firearm conviction, recalculated Harrison's offender score, and imposed a standard range sentence. Harrison claims the trial court should have considered an exceptional sentence based on youth as a mitigating factor because he was 22 years old at the time of the crime. The trial court considered Harrison's age and found the record lacked evidence of youthfulness as a mitigating factor. Harrison also raises other claims, including ineffective assistance of counsel. We affirm.

---

[1] State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

FACTS

In 2009, the State charged 22-year-old Harrison with second degree murder with a firearm enhancement. Harrison pleaded guilty to second degree murder and unlawful possession of a firearm predicated on a prior felony drug possession conviction. The current offenses and history of two convictions for drug possession resulted in an offender score of three and a sentencing range of 154-254 months. The trial court accepted the guilty plea and subsequently sentenced Harrison to 204 months. The court entered Harrison's judgment and sentence in May 2011.

In 2021, the Washington Supreme Court concluded that the simple drug possession statute violates due process. State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). As a result of the Court's ruling in Blake, simple drug possession convictions are constitutionally invalid and cannot be included when calculating an offender score. State v. Jennings, 199 Wn.2d 53, 67, 502 P.3d 1255 (2022). Harrison is one of the many defendants who require resentencing after Blake.

At the resentencing hearing, the State moved to vacate Harrison's conviction for unlawful possession of a firearm because it was predicated on the now void drug possession convictions. The court vacated and dismissed the charge with prejudice. The parties agreed that Harrison had a recalculated offender score of 0 and a standard sentencing range of 123 to 220 months. The State urged the court to re-impose a sentence of 204 months. Harrison asked the court for a low-end sentence of 123 months due to his youthfulness at the time of

the crime and the increasing awareness that neurological immaturity and brain development continue past the teenage years.

When handing down Harrison's sentence, the court noted that it had considered the mitigating issues raised by Harrison of "youthfulness, maturity, the physiological nature of an individual who is in their early 20s or just above their majority," and had "listened and carefully considered arguments of counsel concerning the youthfulness of the defendant at the time of the crime." The court then sentenced Harrison to a standard range sentence of 185 months of incarceration.

Harrison appeals.

ANALYSIS

I. Consideration of Youthfulness in Sentencing

Harrison contends the court was required to consider whether his age at the time of the offense merited an exceptional sentence below the standard range. According to Harrison, the court failed to account for his youthfulness and exercise its full discretion to consider an exceptional sentence. We disagree.

Washington courts recognize that children are different from adults and that those differences must be considered during sentencing for criminal offenses. State v. Houston-Sconiers, 188 Wn.2d 1, 18-19, 391 P.3d 409 (2017). "Differences in brain development mean that children possess lessened culpability, poorer judgment, and greater capacity for change than adults. To comply with the Eighth Amendment, courts must consider the mitigating qualities of youth and have discretion to impose a proportional punishment based on

those qualities." In re Pers. Restraint of Ali, 196 Wn.2d 220, 225–26, 474 P.3d 507 (2020), cert. denied sub nom. Washington v. Ali, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021). Age may also mitigate culpability for defendants over the age of 18. State v. O'Dell, 183 Wn.2d 680, 695, 358 P.3d 359 (2015).

Under the Sentencing Reform Act (SRA), standard range sentences "shall not be appealed." RCW 9.94A.585(1). But a party may challenge the court's legal conclusions and determinations that support its sentencing decision. State v. Mandefero, 14 Wn. App. 2d 825, 833, 473 P.3d 1239 (2020). As a result, a standard range sentence is reviewable when the court refused to exercise discretion or relied on an impermissible basis when refusing to impose an exceptional sentence. State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). While "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence," youth can justify a sentence below a standard range, and, thus, a trial court must be allowed to consider youth as a mitigating factor. O'Dell, 183 Wn.2d at 695-96. The defendant has the burden of proving youth as a mitigating factor. State v. Rogers, 17 Wn. App. 2d 466, 476, 487 P.3d 177 (2021).

Defendant's presentencing report to the trial court prior to the August 2021 resentencing focuses on Harrison's youth to support a lower sentence. In addition to discussing the evolving science and case law concerning issues of culpability for young people, defense counsel specifically highlighted Harrison's youth at the time of the crime as compared to his maturation process over the ensuing years. "Mr. Harrison was twenty-two at the time of this offense. He is

thirty-three now. Over the last eleven years he has matured in a manner predicted by the neuroscience." Counsel noted that Harrison had used his time in prison to take advantage of treatment and training programs and had been infraction-free since 2013.

During resentencing, the court explicitly mentioned that defense counsel had "persuasively raised" the issues of youthfulness and maturity for individuals just above maturity. Thus, the record shows that the trial court did consider Harrison's age at the time of the crime but found evidence of youth as a mitigating factor to be lacking.

> I'd note that counsel has pointed out that the defendant was 22 when he committed that crime. I certainly agree that our law is changing in this area of what is appropriate consideration of youthfulness and sentencing, but I would note that it's not just that you're 22 and somehow that doesn't make it as serious or that a 17-year sentence isn't appropriate. We have nothing before this Court about this defendant's particular immaturity or how that impacted or didn't impact his decision-making at that time or that that makes 17 years an inappropriate sentence for taking somebody else's life.

The court arrived at this conclusion after listening to a recording of the prior sentencing hearing, including argument about mitigating factors, as well as reading victim impact statements, considering Harrison's statements at both sentencings, and reviewing court filings. Because Harrison did not produce any evidence to satisfy his burden of proof for an exceptional sentence based on his youthfulness, the trial court exercised its discretion to sentence him within the standard range.

The trial court described the reasoning used to reach the mid-range sentence. The court noted that the high end of the standard range was 220

months, which exceeded Harrison's original sentence of 204 months. Because the court believed that "increasing the sentence on a Blake resentencing would constitute a manifest justice," the court imposed a "self-limitation" of a maximum sentence of 204 months, which was the sentence the State had requested. Based on the facts of the case and all the information presented and considered, the trial court imposed a sentence below the midpoint and proportionately lower within the self-limited range (123 to 204 months) than the original sentence.

A court's discretion to impose an exceptional sentence based on youth as a mitigating factor includes the discretion to decline to do so. See In re Pers. Restraint of Meippen, 193 Wn.2d 310, 316-17, 440 P.3d 978 (2019) (trial court considered youth and, nevertheless, imposed top-end standard range sentence). Here, the record is clear that the court did consider youthfulness, although it ultimately declined to depart downward. Therefore, we affirm the trial court's standard range sentence.

II. Credit for Time Served

Defendants are entitled to credit for all time served in confinement on a criminal charge whether that time is before or after sentencing. State v. Enriquez-Martinez, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). This includes time spent in custody in another state. Enriquez-Martinez, 198 Wn.2d at 101; State v. Brown, 55 Wn. App. 738, 757, 780 P.2d 880 (1989). Harrison requests remand to the trial court to determine his entitlement to credit for time served after his arrest in Ohio.

Credit for time served is governed by statute. "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6). The judgment and sentence states that Harrison will be given credit for "time served in King County Jail or EHD solely for confinement under this cause number" as determined by King County Jail and Department of Corrections (DOC).

Harrison contends that King County Jail and DOC do not have the ability to determine time served in another state, but does not suggest that they erred in determining his credit for time served in King County Jail.[2] Rather, his principal complaint appears to be that there is nothing in the record regarding his time served in Ohio.

Harrison is not foreclosed from challenging the calculation of credit for time served if he believes it to be incorrect and obtains the requisite documentation of his time in Ohio. "The jail's calculation of credit for time served is not independently legally binding. If the jail's calculation is correct, it has the force of law. If the jail's calculation is erroneous, the law, not the certification, provides the correct result." In re Pers. Restraint of Costello, 131 Wn. App. 828, 834, 129 P.3d 827 (2006). At the resentencing, Harrison's counsel stated he would look for documentation on the issue of the out-of-state time served. The

---

[2] When an offender is transferred from county jail to DOC, jail administrators certify the amount of time spent in custody. WAC 137-30-040. If no certification is provided, a correctional records supervisor will send a request to the jail administrator requesting one. WAC 137-30-040(1); WAC 137-30-020.

State offered to work with Harrison to ensure that he received the proper credit for time served. In the event of any problems with determining time served, the court would consider an agreed order without a hearing or set another hearing to resolve a dispute if necessary. Yet there is no such documentation of prior time served in Ohio in the record.[3] The trial court did not err when it was never presented with any documentation of out-of-state time that should have been credited. Thus, there is no need for this court to remand.

III. Statement of Additional Grounds

Harrison raises several claims in his statement of additional grounds. The challenges focus on issues relating to his original guilty plea and ineffective assistance of counsel.

A. Issues related to the Guilty Plea

Harrison asserts claims pertaining to his original plea agreement, including violation of his speedy trial rights and ineffective assistance of counsel based on a failure to challenge the sufficiency of the evidence.

A voluntary guilty plea acts as a waiver of the right to appeal. State v. Smith, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). A defendant who pleads guilty retains only a limited right to appeal collateral questions such as the validity of the statute, sufficiency of the information, and understanding of the nature of the offense. State v. Cater, 186 Wn. App. 384, 392, 345 P.3d 843 (2015). For any

---

[3] Indeed, there is no reason that Harrison's counsel cannot seek out such information and present it to the court, as contemplated at the resentencing hearing. Also, a defendant who is wrongly denied credit for time served may bring a personal restraint petition to request a court to remedy the issue. Costello, 131 Wn. App. at 832.

other claims, a defendant must move to withdraw the plea under CrR 4.2(f) (prior to entry of judgment) or CrR 7.8(b) (after entry of judgment).

Because Harrison pleaded guilty and did not move to withdraw his plea, challenges related to the original plea agreement are not properly before us for review.

B. Ineffective Assistance of Counsel

Harrison argues he received ineffective assistance of counsel at resentencing and on appeal. Harrison's claims of ineffective assistance relate to his counsel's failure to argue the issues raised by his numerous *pro se* motions that were pending before the trial court. For a successful claim of ineffective assistance of counsel, a defendant must establish both objectively deficient performance and resulting prejudice. State v. Emery, 174 Wn.2d 741, 754-55, 278 P.3d 653 (2012). Courts apply a strong presumption of effective representation. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

1. Ineffective Assistance Claim Regarding Counsel at Resentencing

First, Harrison contends that counsel was ineffective for failing to inform the court at the resentencing hearing of a pending motion to arrest judgment and requests for an evidentiary hearing and for discovery. Harrison himself attempted to raise the pending motion to arrest judgment during resentencing. The court acknowledged Harrison's outstanding motions but declined to consider them during the resentencing. The court stated, "those motions may have a hearing on a different date, but. . . [t]oday, the only issue in front of this Court is the resentencing." Given the court's clear decision to limit the proceedings solely to

resentencing, counsel's failure to address the additional motions was not deficient.

Harrison also argues that counsel should have moved to dismiss the second degree murder conviction after dismissal of the unlawful possession of a firearm charge. According to Harrison, unlawful possession of a firearm is "a material element and in the context of finality, we treat the judgment of conviction as one unit, rather than separately considering the judgment's components." However, unlawful possession of a firearm is not a material element of second degree murder.

"[A] person can commit the crime of intentional murder in the second degree in violation of RCW 9A.32.050(1)(a), or felony murder with assault as the underlying felony in violation of RCW 9A.32.050(1)(b)." State v. Lizarraga, 191 Wn. App. 530, 564, 364 P.3d 810 (2015). Here, the State charged Harrison with intentional murder under RCW 9A.32.050(1)(a). The unlawful possession of a firearm charge was not a predicate for the second degree murder charge, but rather, a separate count. Dismissal of the firearm charge had no bearing on Harrison's conviction for intentional second degree murder. Therefore, counsel was not deficient for failing to request dismissal of the second degree murder conviction.

### 2. Ineffective Assistance Claim Regarding Appellate Counsel

Harrison also alleges his appellate counsel was ineffective on several grounds. As with his claims of ineffective assistance by his counsel at

resentencing, these claims relate to the failure to argue the issues raised in his motions before the trial court that were unrelated to resentencing.

First, Harrison claims appellate counsel abandoned issues related to his arraignment, sufficiency of the evidence, and ineffective assistance of trial counsel for failure to file motions based on insufficient evidence. Because these issues pertain to the underlying guilty plea, which is not at issue in this appeal, appellate counsel's omission of these claims was not deficient.

Harrison also argues, "Considering this appellate counsel is familiar with an arrest of judgment process and Harrison has two CrR 7.4 motions pending clearly shows the unwillingness to provide adequate counsel." As discussed above, the trial court clearly limited the proceedings to resentencing. Harrison's pending motions were not before the trial court and are not before us on appeal. Appellate counsel was not deficient for failing to raise any issues related to additional motions.

Harrison's frustrations with both his counsel's and the trial court's failure to address his various *pro se* motions are clear. However, the sole purpose of the trial court proceedings on August 13, 2021, was to consider the State's motion to resentence Harrison pursuant to the Blake decision. As the trial court explained, Harrison was allowed to speak at the resentencing as an exercise of his right to allocution, not to argue his unrelated *pro se* motions.[4] The fact that the court did not address the other motions is not a reflection on the merit of any of these

---

[4] The right of allocution is guaranteed by RCW 9.94A.500(1) and provides a defendant the right to make arguments as to the sentence to be imposed. See State v. Ellison, 186 Wn. App. 780, 784, 346 P.3d 853 (2015).

motions; rather, they were not before the trial court at that particular proceeding. As a result, they are also not before us on appeal, so we cannot provide a remedy for his claims in those motions.

Affirmed.

_Chung, J._

WE CONCUR:

_Coburn, J._          _Verellen, J._