# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**SEPTEMBER 7, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of Personal Restraint of | ) | No.     38934-1-III |
| | ) | |
| FRANKLIN D. DEAN, JR. | ) | |
| | ) | |
| | ) | ORDER GRANTING MOTION |
| | ) | TO PUBLISH OPINION |
| | ) | |
| | ) | |
| | ) | |

THE COURT has considered the respondent's motion to publish the court's opinion of July 27, 2023, and the record and file herein, and is of the opinion the motion should be granted.  Therefore,

IT IS ORDERED, the motion to publish is granted.  The opinion filed by the court on July 27, 2023 shall be modified on page 1 to designate it is a published opinion and on page 9 by deletion of the following language:

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

PANEL:  Judges Fearing, Lawrence-Berrey, Siddoway

FOR THE COURT:

_____
GEORGE B. FEARING, Chief Judge

**FILED**
**JULY 27, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of Personal Restraint of | ) | No. 38934-1-III |
| | ) | |
| Franklin D. Dean, Jr. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |

FEARING, C.J. — This personal restraint petition addresses another collateral issue arising from the Washington Supreme Court's landmark decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). When an offender serves two consecutive sentences for separate crimes, the first of which crimes was possession of a controlled substance, may the time spent incarcerated for the drug crime be credited as time served against the sentence for the second crime once the trial court vacates the drug possession conviction? We answer in the affirmative and grant Franklin Dean's petition.

FACTS

In May 2011, Franklin Dean pled guilty to unlawful possession of a controlled substance. The Chelan County Superior Court waived imposition of a sentence within the standard range and imposed a sentence under the drug offender sentencing alternative (DOSA) program. The DOSA sentence ordered Dean to serve twenty-four months in community custody while undergoing treatment for the possession charge.

No. 38934-1-III
*PRP of Dean*

In June 2011, while serving the DOSA sentence in community custody, Franklin Dean committed a robbery and burglary. We refer to the two crimes collectively as a "robbery." Authorities placed Dean in the Chelan County Jail, where he remained until his trial on the new charges. On August 6, 2012, a jury convicted Dean with robbery for the criminal behavior in June 2011. Because of the new convictions, the superior court revoked Dean's DOSA sentence and imposed a twenty-four-month term of confinement for the earlier crime of drug possession. The court also imposed a 180-month, or fifteen-year, term of confinement for the robbery conviction and ordered the sentence to run consecutively to the drug possession sentence. Because of the length of the sentences, Dean transferred from the Chelan County Jail to custody with the Washington State Department of Corrections (DOC).

When DOC assumed custody, the Chelan County Jail sent DOC a certification that Franklin Dean had served 475 days in jail under both the drug possession conviction and the robbery prosecution. DOC ran Dean's sentence for possession of a controlled substance first and applied the jail's time-served credits only to that sentence. Thus, it credited all 475 days against the drug possession sentence. When accounting for the time spent in the Chelan County Jail as well as good time credits, DOC ended Dean's drug possession sentence on August 24, 2012 and began his fifteen-year sentence for the robbery conviction on the same date.

In *State v. Blake*, 197 Wn.2d 170, 195 (2021), the Washington Supreme Court

2

No. 38934-1-III
*PRP of Dean*

held that Washington's drug possession statute, which imposed strict liability, violated the due process clauses of the state and federal constitutions. The Supreme Court held the statute void. Pursuant to *Blake*, Franklin Dean's conviction for simple drug possession has always been void. *State v. French*, 21 Wn. App. 2d 891, 894, 508 P.3d 1036 (2022).

Following *State v. Blake*, the Chelan County Superior Court entered an order vacating and dismissing Franklin Dean's conviction for drug possession. The court's order partly read:

> The defendant shall be immediately released from any custody and from any supervision pursuant to this cause number [the drug possession prosecution]. The clerk's office shall provide the Chelan County Regional Jail and the Department of Corrections with a copy of this order.

Resp. of the Dep't of Corr., Biller Decl., Attach. E at 1. Thereafter, DOC gave Dean no credit for time served, before August 24, 2012, against the robbery convictions sentence, August 24 being the date on which its accounting for the drug possession conviction sentence ended.

## PROCEDURE

Franklin Dean filed this personal restraint petition, by which he seeks a ruling that DOC must change his release date for the robbery conviction to account for the time he spent confined beginning in June 2011 when law enforcement arrested him for the robbery. Dean also filed a motion for immediate release, which this court granted. We

3

No. 38934-1-III
*PRP of Dean*

wrote:

> The court has determined during its preliminary workup that Mr. Dean is entitled to relief in this matter. The court will release an opinion at a later date explaining its decision in this matter.

Order Granting Petitioner's Motion for Release, *In re Personal Restraint of Dean*, No. 38934-1-III (Wash Ct. App. Jan. 18, 2023).

## LAW AND ANALYSIS

In response to Franklin Dean's personal restraint petition, DOC argues that, because under law, the offender must first serve time for the earliest conviction, it should not credit Dean, against his burglary and robbery sentence, for time spent confined until the drug possession sentence ended on August 24, 2012. In so arguing, DOC relies on RCW 9.94A.589(2)(a), which declares:

> Whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term of confinement shall not begin until expiration of all prior terms of confinement.

DOC insists on following this first in time statute despite the first conviction being vacated and the law creating the crime of the first conviction being declared void.

Franklin Dean cites *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), for the proposition that, when a "'State had no power to proscribe the conduct for which the petitioner was imprisoned, it could not constitutionally insist that he remain in jail.'" 577 U.S. 190, 202 (2016) (quoting *Desist v. United States*, 394

4

No. 38934-1-III
*PRP of Dean*

U.S. 244, 261, n.2, 89 S. Ct. 1030, 22 L. Ed. 2d 248 (1969) (Harlan, J., dissenting)).

Dean would extend this proposition to require that, when an offender has served time

under a constitutionally voided conviction, that offender should receive credit on a

subsequent sentence of confinement.

Franklin Dean also cites the proposition that an offender is constitutionally entitled

to credit for time spent in confinement prior to a sentence ordering confinement. *State v.*

*Enriquez-Martinez*, 198 Wn.2d 98, 101-03, 492 P.3d 162 (2021). He reasons that, since

he should have never been jailed for his possession of a controlled substance, all time in

jail beginning in June 2011 should be applied against his robbery conviction. Although

Dean's two forwarded propositions do not directly address our issue, we rely on the two

propositions together with reason and fairness to grant Dean his requested relief.

DOC first argues that it lacked authority to allocate credit to Franklin Dean's

sentence under the Chelan County Superior Court's order vacating and dismissing Dean's

conviction for simple drug possession. DOC emphasizes that the court order did not

command subtraction of the simple drug possession confinement term from the robbery

and burglary sentence. We rejoin that the superior court order did not expressly prevent

DOC from crediting the time served against the robbery convictions.

DOC asserts that it may not alter a judgment and sentence on its own. *Dress v.*

*Department of Corrections*, 168 Wn. App. 319, 326, 279 P.3d 875 (2012). We agree, but

deem no alteration of the judgment and sentence is needed to grant Franklin Dean relief.

5

No. 38934-1-III
*PRP of Dean*

Assuming the law demands an express modification, this personal restraint petition can afford the change.

DOC principally argues that it was required by RCW 9.94A.589(2)(a) to run Franklin Dean's sentence on the drug possession conviction first and to allocate presentence time served credits only to that initial sentence. We disagree. The language of the statute does not directly address Franklin Dean's uncommon situation. The statute does not foreclose DOC from granting Dean his requested relief.

Related to its statutory argument, DOC underscores caselaw requiring presentence incarceration credit be applied only to the first sentence served when an offender receives multiple consecutive sentences. *In re Personal Restraint of Costello*, 131 Wn. App. 828, 834-35, 129 P.3d 827 (2006). DOC also cites cases disallowing credit for time served when an offender is being held in confinement on an existing sentence while also awaiting a sentencing decision on different charges. *State v. Lewis*, 184 Wn.2d 201, 205-06, 355 P.3d 1148 (2015); *In re Post-Sentence Review of Allery*, 6 Wn. App. 2d 343, 347-38, 430 P.3d 1150 (2018). The cited cases do not consider the present scenario, in which Franklin Dean's time-served credits were applied to a constitutionally voided conviction.

Finally, DOC analogizes to *State v. Jones*, 172 Wn.2d 236, 257 P.3d 616 (2011). When Cliff Jones was erroneously sentenced to 130 months of incarceration and thirty-six months of community custody, he prevailed on a personal restraint petition and was resentenced to fifty-one months of incarceration and thirty-six months of community

6

No. 38934-1-III
*PRP of Dean*

custody. Jones had already served eighty-one months of incarceration when he was resentenced, exceeding his recalculated fifty-one-month sentence by thirty months. Jones sought relief from judgment, arguing he should receive a thirty-month credit to his community custody term. Our Supreme Court denied Jones relief. The high court reasoned that Jones' sentence of community custody was tolled during the extra thirty months he spent in institutional confinement. The court's holding rested on the interpretation of various statutory sections governing community custody. Those statutes do not control the outcome of Franklin Dean's petition when Dean does not seek application of credit toward a sentence of community custody.

No Washington decision addresses our unique situation wherein authorities confine the offender at the same time for more than one crime, at least one crime is committed earlier in time, the court issues a sentence earlier in time for the first crime, the court later sentences the offender for the second crime and runs the two sentences consecutively, and the first in time conviction is later declared void. We assume this situation will typically occur when the offender commits the second crime while on community custody for the first crime and when authorities confine the offender at the same time because of the violation of community custody and the commission of the second crime.

We envision the situation of the offender being confined for two convictions for crimes committed on different dates, the offender receiving consecutive sentences for the

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38934-1-III
*PRP of Dean*

respective convictions, and the second conviction later being vacated.  We expect that, in such situation, DOC would release the offender when the sentence for the first conviction expired.  In other words, DOC would proceed as if the second conviction never occurred and the offender received no sentence for the second conviction.  Reason demands that DOC should take the same action if the first conviction is later vacated and act as if the offender received no sentence for the first conviction.  Such action would compel DOC to credit the offender for all time served since commission of the second crime toward the sentence for the second crime.

We note that, if Franklin Dean had not later been convicted of the June 2011 robbery, he would have not received any credit for time spent for the drug conviction against another sentence.  He would have served, in incarceration, the entire sentence issued for the drug conviction.  Also, if Dean were to be convicted of another crime in the future, but had not been convicted for the robbery, we assume he would not be able to subtract the time served for drug crime against any future sentence despite the drug conviction being vacated.  The time an accused spends incarcerated on a void conviction does not accumulate in an abstract carceral time bank.  One may wonder then why Dean should receive credit for time spent on his possession of a controlled substance sentence against his robbery conviction when he fortuitously committed the latter crime while on community custody for the first crime.  But we do not wish to perpetuate one injustice on the basis that a similar injustice may occur.

8

No. 38934-1-III
*PRP of Dean*

CONCLUSION

We grant Franklin Dean's personal restraint petition and order DOC to assess

against the robbery conviction time spent incarcerated beginning in June 2011.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.